POPULAR LEASING USA, INC., Respondent,

v.

UNIVERSAL ART CORPORATION OF NEW YORK, et al., Appellants.

No. ED 78758.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 16, 2001.

Blair K. Drazic, St. Louis, MO, for appellants.

Randall F. Scherck, Lathrop & Gage, L.C., St. Louis, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

M.J. Mamoor and Universal Art Corporation of New York (collectively, "Defendants"), both of whom legally reside in New York, appeal from the trial court's order refusing to set aside a default judgment entered against them and in favor of Popular Leasing USA, Inc. ("Plaintiff"). We dismiss the appeal.

## Background

Plaintiffs filed a petition against Defendants alleging breach of an equipment lease. Defendants were each served with a summons and copy of the petition in New York. The lease agreement contained a forum selection clause wherein the parties agreed that venue and jurisdiction for any legal proceedings arising under the lease would lie in St. Louis County, Missouri. On June 28, 2000,[1] the trial court entered a default judgment against Defendants jointly and severally in the amount of $11,349.07. On July 19, Defendant Mamoor filed a motion to set aside default judgment pursuant to Rule 74.05(d).[2] Following an evidentiary hearing, on July 20

---

1. All further references to calendar dates herein, unless otherwise noted, refer to the year 2000.

2. All rule references herein are to Missouri Rules of Civil Procedure 2000, unless otherwise indicated.

the trial court denied Mamoor's motion to set aside.

On August 18, Mamoor filed a "motion for new trial" on his previously denied motion to set aside default judgment. On that same date, Defendant Universal Art Corporation filed its separate motion to set aside default judgment. On October 31, the trial court entered an order denying both of these motions. On November 13, Defendants jointly filed a notice of appeal challenging the court's denial of Universal Art's motion to set aside.

### *Discussion*

■ In their sole point on appeal Defendants argue that the trial court erred in refusing to set aside the default judgment because it lacked personal jurisdiction over them, in that the lease agreement was an adhesion contract and enforcement of the agreement's forum selection clause would be fundamentally unfair and deprive them of property without due process of law. Before we may consider this claim of error, however, we must first address whether this Court has jurisdiction to consider the merits of this appeal with respect to either of the two Defendants. We conclude that we do not.

### *(1) Mr. Mamoor*

Defendant M.J. Mamoor filed his motion to set aside the default judgment within 30 days following entry of the judgment. His motion to set aside thus was filed before the judgment became final. Rule 75.01.

■ A party is entitled to file a motion to set aside default judgment within a reasonable time for a period of up to one year. Rule 74.05(d). However, when such a motion is filed within 30 days of the judgment (that is, before the judgment

becomes final), it is treated for purposes of appeal as an "authorized after-trial motion" and is deemed the equivalent of a motion for new trial. See *Gorzel v. Orlamander*, 352 S.W.2d 675, 677–78 (Mo. 1961); *Klaus v. Shelby*, 4 S.W.3d 635, 637 (Mo.App. E.D.1999). Such a motion extends the trial court's control over the default judgment from 30 days to 90 days from the day the motion is filed. *Klaus v. Shelby*, 4 S.W.3d at 637. In this case, since the trial court denied Mr. Mamoor's motion to set aside the default judgment within 30 days following entry of the judgment, and because the default judgment was entered against both co-defendants in the case, it became a final judgment for all purposes on the 30th day after entry of judgment. See Rule 81.05(a)(2), and *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 539–40 (Mo.App. E.D.2001).

■ When the judgment became final, Mr. Mamoor then had 10 days within which to file a notice of appeal. Rule 81.04(a). He did not do so. The timely filing of a notice of appeal is a jurisdictional requirement. *In re Marriage of Short*, 847 S.W.2d 158, 161 (Mo.App. S.D.1993). If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal. *Id.* Mr. Mamoor's subsequent motion for a new trial, filed on August 18, was invalid and untimely and did not vest the trial court with any further jurisdiction over the matter; the motion was a nullity and its denial is not appealable. *Rodriguez v. Baker*, 927 S.W.2d 961, 962 (Mo.App. E.D.1996). His appeal is thus untimely.[3]

### *(2) Universal Art Corporation*

■ Universal Art Corporation's appeal, on the other hand, is timely but

---

**3.** Defendants argue in their brief that Mamoor also joined with Universal Art in its separate August 18 motion to set aside the default judgment, and suggest that he may have been

legally entitled to do so and thus would have standing as an aggrieved party to join Universal Art in its timely appeal of the denial of that motion. We do not need to consider the

premature. Universal Art filed its Rule 74.05(d) motion to set aside default judgment more than 30 days following entry of the judgment, that is, *after* the judgment had become final. When such a motion is filed *after* the default judgment has become final, it is treated as an independent proceeding, separate and apart from the underlying judgment itself. See *Gantz v. Director of Revenue*, 921 S.W.2d 156, 157 (Mo.App. E.D.1996). In such a case, the trial court's order granting or denying the motion to set aside default judgment is itself (assuming that all other prerequisites of appellate jurisdiction are met) a separately appealable judgment. *Id; Klaus v. Shelby*, 4 S.W.3d at 637. Here, then, Universal Art filed a timely appeal of the trial court's October 31 order denying its motion to set aside.[4]

Unfortunately, however, the trial court's order denying Universal Art's motion to set aside was not denominated either a "judgment" or "decree," as required by Rule 74.01(a). As a result, this Court does not presently have appellate jurisdiction in the matter because we do not yet have a final judgment before us. See *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997). Accordingly, Universal Art's appeal must be dismissed as premature.

The appeal herein is dismissed.

merits of this argument, however, since it is clear from the record that Mamoor did not join in Universal Art's August 18 motion to set aside the default judgment.

4. This is true notwithstanding the fact that the judgment did not become final until November 30, and the notice of appeal was filed on

November 13. In any case where a notice of appeal is filed prematurely because sufficient time has not yet elapsed for the judgment to become final, the notice "shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." Rule 81.05(b).