**Kevin BUDD, Respondent,**

v.

**Ann BUDD, Appellant.**

No. ED 83640.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 2, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 26, 2005.

Application for Transfer Denied
April 5, 2005.

Ann Budd, Belleville, pro se.

Charles A. Hurth, III, Union, Daniel A. Brackmann, Washington, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Ann Budd ("Wife"), appeals from the judgment of the Circuit Court of St. Louis County finding that venue and jurisdiction were proper in the default judgment entered in favor of Respondent, Kevin Budd ("Husband").

On October 31, 2002, Husband filed a petition for dissolution of marriage in the Circuit Court of St. Louis County. On April 25, 2003, a default judgment dividing marital property and dissolving the marriage of Husband and Wife was entered against Wife. On May 23, 2003, Wife filed a special and limited appearance requesting that "any and all Court Orders entered prior hereto be vacated and that this case be dismissed." The trial court conducted a hearing on June 17, 2003. Subsequently, on September 22, 2003, the trial court entered its order and judgment finding that venue and jurisdiction were proper in the default judgment entered against Wife, but setting aside the previous division of marital property.

Before addressing the points on appeal raised by Wife, we must first determine whether we have jurisdiction to hear this appeal.

■ A party is allowed to file a motion to set aside a default judgment within a reasonable period of time up to one year. *Popular Leasing USA v. Universal Art Corp.*, 57 S.W.3d 875, 877 (Mo.App. E.D. 2001). Nonetheless, when such a motion is filed within thirty days of the judgment, it is considered an "authorized after-trial motion" for purposes of appeal and is deemed the equivalent of a motion for new trial. *Id.* Therefore, the motion extends the trial court's control over the default judgment from thirty days to ninety days from the date the motion is filed. *Id.* Once the ninety-day period has ended, any "authorized after-trial motion" not ruled upon is automatically denied. *Klaus v. Shelby*, 4 S.W.3d 635, 637 (Mo.App. E.D.1999).

■ In this case, on May 23, 2003, Wife filed her special and limited appearance requesting that "any and all Court Orders entered prior hereto be vacated and that this case be dismissed." Wife's filing came within thirty days of the entry of the April 25, 2003 default judgment. Therefore, Wife's motion is to be treated as an "authorized after-trial motion." Due to the fact that Wife's motion was not ruled upon within 90 days from the filing of her motion, the motion was automatically denied. As a result, the trial court did not have jurisdiction to enter its September 22, 2003 order and judgment setting aside the division of marital property.

Applying Rule 81.05(a)(2), the trial court's judgment became final ninety days from the date Wife filed her "authorized after-trial motion." Because Wife did not file her notice of appeal within ten days after the date the judgment became final, her appeal was untimely. Rule 81.04(a). When a notice of appeal is untimely filed, this court is without jurisdiction and must dismiss the appeal. *Popular Leasing USA, Inc.*, 57 S.W.3d at 877. Therefore, we dismiss this appeal for lack of jurisdiction.

SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J., concur.