**Deborah ARGUIN, Appellant,**

v.

**Bruno ARGUIN, Respondent.**

**No. ED 85434.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 2005.

Karen M. Pittman, Rochelle Thomas–Benke, St. Louis, MO, for appellant.

Mason Klippel, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

In this dissolution action, the wife, Deborah Arguin, appeals from the trial court's judgment setting aside an earlier default judgment dissolving her marriage to husband Bruno Arguin. The wife alleges the trial court lacked jurisdiction to enter its judgment setting aside the default judgment, as more than ninety days had elapsed from the date that husband had filed his motion to set aside. We agree and dismiss the appeal.

### Factual and Procedural Background

Deborah Arguin filed for the dissolution of her marriage to Bruno Arguin. After a hearing on March 25, 2004, the trial court entered a judgment pending dissolution, ordering husband to pay attorney's fees and maintenance to wife. In May of 2004, the wife moved to strike husband's pleadings because he had not made any payments to her or her attorney, in violation of the court's order, and because he had not produced any releases regarding his bank records. The wife's motion to strike was called, heard, and sustained by consent on May 20th. The trial court, in its consent order and judgment, struck the husband's pleadings, and granted a default and inquiry. The consent order and judgment further provided that a hearing would be permitted after thirty days unless the husband fully complied with the earlier judgment pending dissolution by becoming current on all maintenance and attorney fees, and by delivering all releases to the wife's attorneys. The husband failed to comply, and a hearing was held on June 29th. At its conclusion, the court entered judgment dissolving the marriage between husband and wife. The court also specifically found that the husband remained in default.

Twenty-nine days later, on July 28, 2004, husband filed a motion to set aside the court's June 29th default judgment. On November 4, 2004, ninety-nine days after husband had filed his motion, the trial court entered judgment sustaining the husband's motion and setting aside the June 29th default judgment. Wife now appeals, contending the trial court lacked jurisdiction to enter its judgment of November 4, 2004.

### Discussion

A party is entitled to file a motion to set aside a default judgment within a reasonable time for a period of up to one year. Rule 74.05(d); *Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 877 (Mo.App. E.D. 2001). When such a motion is filed after the default judgment becomes final, it is treated as an independent proceeding, separate and apart from the underlying judgment itself. *Popular*, 57 S.W.3d at 878. When, however, such a motion is filed within thirty days of the default judgment, it is treated as an "authorized after-trial motion" and is deemed the equivalent of a motion for new trial. *Popular*, 57 S.W.3d at 877; *Klaus v. Shelby*, 4 S.W.3d 635, 637 (Mo.App. E.D.1999). As such, the motion extends the trial court's control over the default judgment from thirty days to nine-

ty days from the day the motion is filed. *Popular*, 57 S.W.3d at 877; *Klaus*, 4 S.W.3d at 637. At the end of the ninety-day period, any "authorized after-trial motion" not ruled upon is automatically denied. *Klaus*, 4 S.W.3d at 637–8; *Budd v. Budd*, 157 S.W.3d 229, 230 (Mo.App. E.D. 2004).

 In this case, the husband filed his motion to set aside on July 28, 2004. Husband's filing came within thirty days of the entry of the June default judgment. Therefore, husband's motion is treated as an "authorized after-trial motion," and the court's control over its June 29th judgment extended to ninety days from the date husband filed his motion—until October 26th. As the trial court did not rule on husband's motion within this ninety-day period, husband's motion was automatically denied on October 26, 2004. As a result, the trial court did not have jurisdiction on November 4, 2004 to enter its judgment setting aside the June 29, 2004 default judgment. *Budd*, 157 S.W.3d at 230. Accordingly, the trial court's November 4, 2004 judgment setting aside the default judgment is void for lack of jurisdiction, and the appeal is dismissed.[1]

GLEN A. NORTON, C.J., and PATRICIA L. COHEN, J., concur.

---

1. The wife's motion for leave to supplement the legal file is denied.