Judy LITTLE, Plaintiff/Appellant,

v.

HOGAN TRANSPORT, INC., Defendant/Respondent.

No. ED 87181.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 24, 2006.

James F. McMullin, St. Louis, MO, for respondent.

Judy Little, St. Louis, MO, appellant acting pro se.

GLENN A. NORTON, C.J.

Judy Little (Appellant) appeals from the trial court's judgment dismissing her petition with prejudice. Because her notice of appeal to this Court is untimely, her appeal is dismissed.

In response to Appellant's appeal, Hogan Transport, Inc., (Respondent) has filed a motion to dismiss. Respondent asserts her appeal is untimely. Appellant has not filed a response to Respondent's motion.

Under Rule 81.04(a), the notice of appeal must be filed no later than ten (10) days after the judgment becomes final. If a party files a timely authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a)(2). However, if no authorized after-trial motion is filed, the judgment becomes final thirty (30) days after the entry of the judgment. Rule 81.05(a)(1).

Here, the trial court entered its judgment on June 17, 2005. According to the minute entries, Appellant did not file an after-trial motion. Therefore, the judgment was final on Monday, July 18, 2005. Rule 81.05(a)(1); Rule 44.01(a). The notice of appeal was due on July 28, 2005. Rule 81.04(a). Appellant filed the notice of appeal on November 1, 2005 and it is untimely. When a notice of appeal is untimely filed, this court is without jurisdiction and must dismiss the appeal. *Budd v. Budd,* 157 S.W.3d 229, 230 (Mo.App. E.D. 2004).

Respondent's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ.