**Margaret MILLER, Appellant,**

v.

**ROTHSCHILD MANAGEMENT GROUP, Respondent.**

**No. ED 84886.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 2005.

Case Transferred to Supreme Court Aug. 30, 2005.

Case Retransferred to Court of Appeals Jan. 31, 2006.

Original Opinion Reinstated Feb. 27, 2006.

James G. Enright, St. Louis, MO, for respondent.

James P. Leonard, St. Louis, MO, for appellant.

## *OPINION*

GLENN A. NORTON, Judge.

Margaret Miller appeals the trial court's order setting aside a $3,000,000 default

judgment against Rothschild Management Group on her personal injury claims. She argues that the order is void for lack of jurisdiction. We agree and dismiss the appeal.

## I. BACKGROUND

Miller filed a petition against RMG, claiming that she sustained personal injuries after falling on property allegedly owned by RMG. RMG was properly served with Miller's petition, but never responded. After an evidentiary hearing on damages, the court entered a default judgment in Miller's favor for $3,000,000. Within thirty days, RMG filed a motion to set aside the default judgment under Rule 74.05(d) (2004).[1] Therein, it claimed that it had a meritorious defense because it did not own the property on which Miller was injured and that it did not intentionally or recklessly act to impede judicial process. RMG alleged that the employee who had accepted service was told by the insurance carrier to which the employee forwarded the petition that there was no coverage for Miller's claim and that the file was silent as to what else, if anything, had been done with the petition. RMG indicated that the employee had been terminated. In the supporting affidavit attached to that motion, RMG's chief executive officer stated that RMG did not own the property on which Miller was injured and indicated that she was waiting to hear back from the former employee who had mishandled the petition.

Then RMG filed an amended motion to set aside the default judgment under Rule 74.05(d).[2] This amended motion was filed more than thirty days after the default

judgment was entered, but within ninety days of the filing of the first motion to set aside. Therein, RMG restated the grounds for relief set forth in its first motion: that it had a meritorious defense because it did not own the property and that there was good cause to set aside the default judgment because its failure to respond to Miller's petition was the result of conduct not intentionally or recklessly designed to impede judicial process. In the amended motion, RMG alleged—and the second affidavit of the CEO stated—that the former employee forwarded the petition to an insurance agent who thereafter failed to forward it to the appropriate insurance company. RMG also asserted that the former employee did not recall any conversation with the insurance agent as to why he had not forwarded the petition to the appropriate insurer. The factual allegations in the amended motion and the CEO's assertions in her second affidavit regarding the meritorious defense were identical to those in the first motion.

The trial court held an evidentiary hearing and then—over ninety days after the first motion to set aside was filed—ordered the default judgment set aside under Rule 74.05(d). The court concluded that RMG's conduct constituted an "excusable series of unintended mistakes" and that RMG had a meritorious defense. Miller appeals.

## II. DISCUSSION

■ Miller argues that the trial court did not have jurisdiction to enter its order setting the default judgment aside over ninety days after RMG's first motion to set the judgment aside was filed. We agree.

---

1. All rule references are to the Missouri Supreme Court Rules (2004).

2. RMG conceded at oral argument that, although both motions also expressly cited Rule 74.06, no grounds for setting aside the judgment under that rule were presented to the trial court, the trial court did not address that rule in its order and RMG does not rely on that rule for relief.

Because the first motion to set aside was filed within thirty days of the entry of the default judgment—that is, before the default judgment became final—it is treated as an authorized after-trial motion, which extended the trial court's control over the default judgment for ninety days from the date the motion was filed. *See Popular Leasing USA, Inc. v. Universal Art Corporation of New York,* 57 S.W.3d 875, 877 (Mo.App. E.D.2001); *Klaus v. Shelby,* 4 S.W.3d 635, 637–38 (Mo.App. E.D.1999). Because that motion was not ruled on within the ninety-day period, it was deemed overruled on the ninetieth day. *See* Rule 81.05(a)(2)(A). Thereafter, the court did not have jurisdiction to enter its order setting the default judgment aside. *See Budd v. Budd,* 157 S.W.3d 229, 230 (Mo.App. E.D.2004).

RMG claims that the first motion was abandoned when it filed the amended motion and that the amended motion should be treated as an independent proceeding to set the default judgment aside because it was filed more than thirty days after entry of the default judgment. As such, RMG contends, the court had jurisdiction to grant that motion more than ninety days later. We disagree.

■ A motion to set aside filed more than thirty days after a default judgment is entered is treated as an independent proceeding—separate and apart from the underlying judgment—because after thirty days a default judgment is final and the trial court no longer has control over it. *See Popular Leasing,* 57 S.W.3d at 878. But in this case, although thirty days had passed at the time the amended motion was filed, that motion was filed during the trial court's extended control over the default judgment by virtue of the first motion. Therefore, at that point, the default judgment was not yet final. Moreover, the amended motion merely restated the grounds for relief set forth in the first motion. The only amendment was the addition of facts learned since the first motion was filed. In this way, the amended motion was more of a supplement to the first motion rather than an abandonment of the relief sought in the first motion. *See generally* Rule 55.33(d) (supplemental pleading permissible to set forth events occurring since filing the pleading sought to be supplemented). Under these circumstances, the amended motion should not be treated as an independent proceeding to set aside the default judgment and should not otherwise affect the ninety-day time period in which the trial court had jurisdiction to rule on the first motion. Thus, RMG's request to set the default judgment aside—as presented in the first motion and as supplemented by the amended motion—was deemed overruled on the ninetieth day after the first motion was filed. The court's order entered several months later was entered without jurisdiction and is void. Therefore, we acquire appellate jurisdiction over that order only to determine its invalidity and dismiss the appeal. *See generally Ogle v. Blankenship,* 113 S.W.3d 290, 293 (Mo.App. E.D.2003).

### III. CONCLUSION

The trial court's order setting aside the default judgment is void for lack of jurisdiction, and the appeal is dismissed.

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.