John DOE, Respondent,

v.

Charles HAMILTON, Appellant.

No. ED 87225.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 11, 2006.

Application for Transfer to Supreme Court
Denied Aug. 31, 2006.

Application for Transfer Denied
Oct. 31, 2006.

Terrance J. Good, Lori C. Imsland, St. Louis, MO, for Appellant.

Kenneth M. Chackes, M. Susan Carlson, St. Louis, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Charles Hamilton ("Defendant"), appeals the judgment of the Circuit Court of St. Louis County denying his motion to set aside the default judgment which had been entered in favor of Respondent, John Doe ("Plaintiff"). We affirm.

On February 24, 2004, Plaintiff filed a two count petition against Defendant for childhood sexual abuse and/or battery ("Count I") and intentional infliction of emotional distress ("Count II") ("the petition"). In the petition, Plaintiff alleged, *inter alia*, that: (1) Defendant, an adult male, sexually abused Plaintiff when Plaintiff was a minor; (2) criminal charges were pursued against Defendant for his conduct; (3) Defendant was sentenced for his conduct on July 31, 1995 ("the criminal case"); and (4) the alleged sexual abuse occurred sometime during the years of 1987 through 1989. Plaintiff demanded a jury trial, and sought compensatory, statutory, punitive, and treble damages.

On February 24, 2004, Plaintiff also filed a motion to use a pseudo name, which was granted. Subsequently, Defendant was personally served with a summons and the petition on June 9, 2004. On July 8, 2004, Defendant hired an attorney to represent him in the civil case.

On July 12, 2004, Defendant filed a suggestion of bankruptcy with the trial court, which stated that Defendant filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri ("the bankruptcy court") on April 27, 2004.

On November 2, 2004, Plaintiff and Defendant entered into a consent judgment in the bankruptcy court. Under this judgment, the bankruptcy court ordered, *inter alia*, that: (1) the proceedings in the civil case may continue; and (2) "[a]ny judgment and any and all damages, costs, fees, etc., which may be awarded to Plaintiff and against Defendant in the [civil case] ... shall be non-dischargeable...."

On March 16, 2005, Plaintiff filed a motion for order of default.

Thereafter, on April 29, 2005, the court tried Plaintiff's case.[1] Plaintiff appeared in person and by attorney. Defendant did not appear. The court found that Defendant was served, but failed to plead or answer within a period of more than thirty days. Plaintiff marked and introduced into evidence portions of a police report ("the police report") and a summary from a therapist who treated Plaintiff intermittently from April of 1997 until February of 2000 ("the therapist's summary").[2] The police report describes ten to sixteen instances of alleged sexual abuse perpetrated by Defendant upon Plaintiff when Plaintiff was a minor. The therapist's summary reveals, *inter alia*, that: (1) "[Plaintiff] was severely traumatized by

---

1. The court's docket sheet reflects that a court reporter, Nancy Hazelwood, was present. However, there is no transcript of the proceeding in the record on appeal.

2. In addition, according to Plaintiff's brief, Plaintiff testified.

the sexual abuse ... [t]he abuse left him ... with severe emotional, psychological, social, and academic/career impairments as well as a substance abuse problem;" and (2) "... it is likely that [Plaintiff] will always, or at least periodically, will need therapeutic and psychiatric support services."

Subsequently, on April 29, 2005, the trial court entered a default judgment against Defendant in the amount of one million dollars ("the default judgment").

On July 19, 2005, Defendant filed a motion to set aside the default judgment ("Defendant's initial motion to set aside the default judgment"), which was denied by the trial court on August 2, 2005. Subsequently, on September 1, 2005, Defendant filed a consolidated motion to reconsider the court's denial of Defendant's initial motion to set aside the default judgment and to set aside the default judgment ("Defendant's second motion to set aside the default judgment"). On March 15, 2006, the court entered a judgment denying Defendant's second motion to set aside the default judgment. This appeal by Defendant followed.

■ A court's discretion not to set aside a default judgment is narrower than the court's discretion to set a default judgment aside. *Nguyen v. Wang,* 182 S.W.3d 688, 691 (Mo.App. E.D.2006). Nonetheless, our review of a trial court's ruling denying a motion to set aside a default judgment is for an abuse of discretion. *Id.*

A motion to set aside a default judgment "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). The court may set aside a default judgment if the motion states facts which constitute a meritorious defense and for good cause shown, but only if both conditions are met. *Id.; Snelling v. Reliance Auto.,*

*Inc.,* 144 S.W.3d 915, 918 (Mo.App. E.D. 2004).

In his sole point on appeal, Defendant contends that the trial court erred in denying Defendant's second motion to set aside the default judgment. Because it is undisputed that Defendant's second motion to set aside the default judgment was made within a reasonable time, the only issue is whether Defendant presented sufficient facts to show a meritorious defense and has established good cause for the default.

We now will determine whether Defendant has established good cause for the default.

■ Pursuant to Rule 74.05(d), "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Thus, good cause excludes reckless conduct. *McElroy v. Eagle Star Group, Inc.,* 156 S.W.3d 392, 403 (Mo.App. W.D.2005). "Reckless" has been defined to mean "lacking in caution" or "deliberately courting danger." *Id.* Additionally, a person is "reckless" when he makes a conscious choice of his actions with knowledge of facts which would disclose a danger to a reasonable person. *Id.*

■ Defendant first argues that he had good cause for failure to answer the petition because he was incarcerated in federal prison and thus limited in his ability to defend the civil case.

Defendant was also incarcerated at the time he entered into the consent judgment. It would be illogical for us to conclude that while Defendant was incarcerated he was able to enter into a consent judgment in the bankruptcy court, but unable to answer the petition in the civil case. Thus, we find Defendant's assertion that his incarceration limited his ability to defend the civil case is lacking merit.

Furthermore, because Defendant concedes in his brief that he "agreed to a[c]onsent [j]udgment through his bankruptcy attorney, which would allow the [civil case] to proceed in state court," we find that Defendant consciously entered into the consent judgment with knowledge that the civil case may proceed. However, despite this danger, Defendant did not answer the petition, or file any pleading between the time of the November 2, 2004 consent judgment and the April 29, 2005 default judgment. We hold that Defendant's failure to answer the petition after he consented to the possibility that the civil case may proceed constitutes apparent reckless conduct. Thus, Defendant has not established good cause.

■ Defendant also argues that he had good cause for failure to answer the petition because he did not receive notice from the court about the default proceedings.

■ Once a defendant is served, he is charged with notice of all subsequent proceedings in the case. *Kocsis v. Kocsis,* 28 S.W.3d 505, 508 (Mo.App. E.D.2000). Accordingly, a defendant in default does not have the right to notice of default proceedings. *Id.*

In this case, Defendant admits that he was served with the petition. Moreover, as discussed above, Defendant knew that the civil case may proceed after he entered into the consent judgment in the bankruptcy court. Thus, Defendant's allegation that he did not receive notice of default proceedings does not establish good cause for the default. *See id.*

Because we have determined that Defendant has failed to establish good cause for the default, we need not address whether Defendant has presented sufficient facts to show a meritorious defense. *See Mullins v. Mullins,* 91 S.W.3d 667, 672 (Mo.App. W.D.2002). Therefore, the trial court did not abuse its discretion in denying Defendant's second motion to set aside the default judgment. Point denied.

GEORGE W. DRAPER III, J. and KENNETH M. ROMINES, J. concur.