Seth PASKON, M.D., Respondent,

v.

Clinton WRIGHT, Appellant.

No. ED 88729.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 24, 2007.

Randall A. Bauman, Chesterfield, MO, for Appellant.

Vincent D. Vogler, Jr., Donald A. Horowitz, St. Louis, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Presiding Judge.

Clinton Wright (hereinafter, "Wright") appeals from the trial court's judgment denying his motion to set aside the default judgment entered in favor of Seth Paskon, M.D. (hereinafter, "Paskon") on Paskon's petition for "Money Had and Received." The trial court determined Wright's motion was an authorized after-trial motion, and as such, the trial court lost jurisdiction to rule upon that motion after the passage of ninety days. We reverse and remand for further proceedings.[1]

The facts are undisputed. Paskon filed an action captioned, "Petition–Money Had and Received" against Wright on March 7, 2006, seeking the return of a retainer he paid to Wright, an attorney, for representation on a possible criminal matter. Wright was served with the summons and petition on April 5, 2006, with a return service date of April 18, 2006. Wright failed to appear on April 18, 2006. Accordingly, the trial court entered a default judgment in favor of Paskon that same day.

Wright filed a verified motion to set aside the default judgment on May 12, 2006. Wright alleged he had good cause and meritorious defenses for failing to appear on April 18, 2006. A hearing was scheduled on June 20, 2006; the hearing had to be continued because Paskon disputed some of the specific facts in Wright's motion. The trial court continued the cause to August 22, 2006, for an evidentiary hearing.

At the evidentiary hearing, Paskon asserted the trial court now lacked jurisdiction to entertain Wright's motion because ninety days had passed since its filing. The trial court stated it "had good cause shown ... to continue[ ] it to set the matter for [August 22, 2006]." The trial court explained there were scheduling conflicts due to "vacations ... the July 4th holiday ... the trial judges' college ... [and] a rotation of the dockets...." In light of these conflicts, the trial court set this matter on the first available docket.

Paskon offered his objections to trial court's jurisdiction into the record. After hearing Paskon's argument, the trial court stated, "I think there's some good cause exception to this" and proceeded to hear Wright's testimony and argument with respect to the merits of the motion. Wright alleged he was under the mistaken impression that he had thirty days to respond to the petition. He testified he contacted Paskon's counsel prior to the expiration of thirty days to discuss an extension of time, and was informed a default judgment had been entered against him. Additionally, Wright offered evidence of his two alleged meritorious defenses in support of having the default judgment set aside.

The trial court issued its judgment on September 12, 2006, finding Wright's motion to set aside the default judgment was an authorized after-trial motion, and thus by operation of law, the trial court lost jurisdiction over the matter on August 12, 2006, when the motion was deemed denied upon the passage of ninety days. The trial

1. Wright's motions that were taken with the case are denied.

court ruled Wright's "motion is denied for lack of jurisdiction." Wright appeals.

■ Wright raises two points on appeal. First, Wright alleges the trial court erred when it determined his motion to set aside the default judgment was an authorized after-trial motion as opposed to an independent action.

■ Rule 74.05(d) (2006)[2] permits a party to file a motion to set aside a default judgment within a reasonable time for a period up to one year. *Arguin v. Arguin*, 171 S.W.3d 116, 117 (Mo.App. E.D.2005). Pursuant to Rule 74.05(d), this Court treats a motion to set aside a judgment in two distinct manners depending upon when the motion was filed. As in this case, when a motion to set aside is filed within thirty days of the entry of the default judgment, it is treated as an authorized after-trial motion and "is deemed the equivalent of a motion for new trial." *Id.* Therefore, the motion to set aside extends the trial court's jurisdiction over the default judgment for ninety days from the date the motion was filed. *Miller v. Rothschild Management Group*, 184 S.W.3d 575, 577 (Mo.App. E.D.2005). If

the trial court has not ruled upon the motion during the ninety-day period, it is deemed automatically denied on the ninetieth day. Rule 81.05(a)(2)(A). Thereafter, the trial court lacks jurisdiction to take any action on the motion to set aside. *Arguin*, 171 S.W.3d at 118; *Miller*, 184 S.W.3d at 577; *Budd v. Budd*, 157 S.W.3d 229, 230 (Mo.App. E.D.2004).

In this case, there is no dispute the trial court issued its judgment after the ninety-day period beyond the filing of Wright's motion to set aside. The motion to set aside was deemed denied on August 12, 2006, pursuant to Rule 81.05(a)(2)(A). As a result, the trial court did not have jurisdiction to enter any judgment regarding the motion to set aside other than to dismiss it outright without a discussion of the merits.

■ Subsequently, Wright filed a motion to appeal out of time with this Court on October 4, 2006, pursuant to Rule 81.07(a).[3] Wright alleged he failed to file a timely notice of appeal from the denial of his motion to set aside the judgment because he and the trial court were under

---

**2.** All references to Rule 74.05(d) refer to the text as effective at the time this action was initiated in March 2006. We recognize Rule 74.05(d) was amended by the Missouri Supreme Court, effective January 1, 2007 to provide that even if the motion is filed within thirty days after judgment it shall be treated as an independent proceeding and not as an authorized after trial motion. Hence, if this motion had been filed after January 1, 2007, the motion would not have been deemed denied pursuant to Rule 78.06 and the trial court could have taken up the motion on the merits four months after it was filed.

**3.** Rule 81.07(a) states: When an appeal is permitted by law from a judgment in the trial court, but the time prescribed for filing an ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a

late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to the adverse parties filed within six months from the date the judgment appealed from became final for purposes of appeal and only upon a showing by affidavit, or otherwise, that the delay was not due to appellant's culpable negligence. A copy of the judgment from which the appeal is sought shall be attached to any such motion. When notified of the issuance of a special order by the appellate court, the clerk of the trial court in which the judgment was entered shall permit the appellant to file a notice of appeal within ten days after such notification, or such other time as specified in the order, and the appellant shall then proceed to prepare the record on appeal as if the appeal had been allowed without a special order.

the mistaken impression a hearing on the merits could be held on August 22, 2006. As such, Wright sought a late notice of appeal to appeal the denial of his motion to set aside the judgment on the merits. Paskon consented to Wright's motion that the appeal be allowed to be filed out of time. This Court granted Wright's motion, which permits Wright to move forward with the appeal from the denial of his motion to set aside the judgment as though it was filed timely. *See* Rule 81.07(a)(stating that upon this Court's grant of leave to file a late notice of appeal, "the appellant shall then proceed to prepare the record on appeal as if the appeal had been allowed without a special order"). Thus, Wright's appeal of this issue was timely and we can decide the appeal on the merits. *See Tillis v. City of Branson,* 945 S.W.2d 447, 448 (Mo. banc 1997).

In his second point, Wright argues the trial court's characterization of his motion to set aside the judgment as an authorized after-trial motion resulted in a "de facto denial of the requested relief" without an examination of the underlying merits of the motion. Wright argues his motion to set aside the judgment articulated facts which constituted a meritorious defense and good cause shown, supporting setting aside the default judgment.

■ Rule 74.05(d) permits a default judgment to be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown," but only if both conditions are met. *Doe v. Hamilton,* 202 S.W.3d 621, 623 (Mo.App. E.D. 2006). Wright carries the burden of proof to convince the trial court that he is entitled to relief. *Hinton v. Proctor & Schwartz, Inc.,* 99 S.W.3d 454, 458 (Mo. App. E.D.2003). "[A]ppellate courts are more likely to reverse a judgment which fails to set aside a default judgment than one which grants that relief . . . because of

the law's distaste for default judgments and its preference for trials on the merits." *CBD Enterprises, Inc. v. Braco Mfg., Inc.,* 181 S.W.3d 129, 132 (Mo.App. S.D.2005)(internal citations omitted); *see also, Peet v. Randolph,* 103 S.W.3d 872, 877 (Mo.App. E.D.2003).

■ The "good cause" prong is satisfied when the party in default demonstrates he or she made a mistake or participated in conduct which was "not intentionally or recklessly designed to impede the judicial process." *In re Marriage of Macomb,* 169 S.W.3d 191, 193–94 (Mo.App. S.D.2005); Rule 74.05(d). "Good faith mistakes may constitute good cause, and a default judgment can be set aside even if the movant has negligently failed to file a timely answer." *Comstock v. Comstock,* 91 S.W.3d 174, 176 (Mo.App. W.D.2002).

■ Prompt action by a movant assists in establishing the defendant's good faith required under Rule 74.05(d). *Tinsley v. B & B Engines, Inc.,* 27 S.W.3d 859, 862 (Mo.App. E.D.2000). Further, our courts have found parties demonstrated good cause shown when defendants take "at least some action in their defense within the 30–day period before default." *Krugh v. Hannah,* 126 S.W.3d 391, 393 (Mo. banc 2004). The *Krugh* court found *Great Southern Sav. & Loan Ass'n v. Wilburn,* 887 S.W.2d 581 (Mo. banc 1994), particularly instructive on this point. In *Great Southern,* two defendants had default judgments entered against them. *Id.* at 583. The Missouri Supreme Court reversed the trial court's entry as to one defendant, finding she took no action which recklessly or intentionally impeded the judicial process when:

> [B]y the end of her answer period, [the defendant] had hired a lawyer who was trying to contact Great Southern's coun-

sel. On the first possible morning, the trial court entered a default judgment against her. [The defendant] moved promptly to set that judgment aside. *Id.* at 584. *See also, Keltner v. Lawson,* 931 S.W.2d 477, 481 (Mo.App. S.D. 1996)(good cause shown when defendant promptly forwarded summons and petition to insurance carrier); *Myers v. Pitney Bowes, Inc.,* 914 S.W.2d 835, 839 (Mo.App. S.D.1996)(holding mishandling of legal documents as a result of mistake and internal mishaps can establish good cause when acted upon promptly once discovered); *Gibson v. Elley,* 778 S.W.2d 851, 852–53 (Mo.App. W.D.1989)(good cause shown when defendant contacted company which agreed to defend and indemnify).

 Similarly, we find Wright alleged good cause shown for failing to appear on April 18, 2006. Wright alleged in his verified motion to set aside the default judgment that he received the petition on April 5, 2006, and promptly provided it to the law firm he was employed with at the time so that it could be forwarded to the applicable professional liability carrier to determine coverage. Wright, who has practiced almost exclusively in the criminal defense arena, stated he was under the mistaken impression he had to file a responsive pleading within thirty days, not appear in court on April 18, 2006, the return date listed on the summons. When Wright did not hear a response from his prior employer or the liability carrier, he contacted Paskon's counsel on May 4, 2006, and inquired about the possibility of Paskon's counsel agreeing to an extension of time within which Wright could file a responsive pleading. It was at this point Wright became aware of the default judgment entered against him for failing to appear on the return date listed on the summons. Wright promptly filed the motion to set aside the default judgment on May 12,

2006. Thus, we hold these facts do not support a finding Wright recklessly or intentionally impeded the judicial process by failing to appear for the first docket setting.

 The second prong is to determine whether Wright presented facts constituting a meritorious defense. "The meritorious defense requirement is satisfied if the defaulting party 'sets forth allegations which, if supported by evidence found credible by the fact-finder, would defeat the plaintiff's claim.'" *Snelling v. Reliance Auto., Inc.,* 144 S.W.3d 915, 918 (Mo.App. E.D.2004)(*quoting Winsor v. Terex–Telelect–Inc.,* 43 S.W.3d 460, 466 (Mo. App. W.D.2001)). The party seeking to set aside the default judgment need only make a showing of an arguable theory of defense. *Ben F. Blanton Const., Inc. v. Castle Hill Holdings XI, L.L.C,* 109 S.W.3d 693, 694 (Mo.App. E.D.2003). "Although there is no universal standard which establishes the components of a meritorious defense, it has been interpreted to mean any factor likely to materially affect the substantive result of the case." *Tinsley,* 27 S.W.3d at 861.

Wright's motion claimed he had a valid meritorious defense to the claims asserted in Paskon's petition for "Money Had and Received." Paskon's petition alleged the following facts: Paskon discussed possible legal representation with Wright in connection with a potential federal indictment he was facing. Wright advised Paskon he would need a minimum retainer of $25,000 before engaging in any representation and would not take any steps until he received the minimum retainer. Paskon tendered two cashier checks, totaling approximately $17,000, to Wright. Subsequently, Paskon learned through separate legal representation that he would not be indicted, and as such, he would not require Wright's representation. Thereafter, Paskon requested

Wright return the retainer; however, Wright refused to do so. Wright told Paskon representation commenced and work was performed on Paskon's behalf, despite the fact Paskon was not indicted. Paskon claims Wright was not authorized to engage in any legal services because he had not received the full retainer and Wright was enriched unjustly due to the retainer of the funds.

In his motion to set aside the judgment, Wright disputes the factual allegations put forth in the petition and claims the retainer was deposited into his previous firm's client trust account within the normal course of business; thus, he was not personally enriched unjustly. Specifically, Wright argues he only received a small portion of the retainer as a fee for the legal services performed in accordance to the agreement of the parties and that he was acting in his capacity as an employee of his previous firm.

Further evidence of Wright's meritorious defense was presented at the hearing. Evidence was offered that Paskon was subjected to a lengthy investigation which ultimately resulted in him not being indicted. Wright testified in detail regarding representation other attorneys in his firm engaged in on Paskon's behalf in connection with civil matters relating to the investigation. Wright testified he represented Paskon for over a year and was only informed after Paskon was not indicted that Paskon wished to have the entirety of his retainer refunded. Wright's allegations in his petition, coupled with his testimony at the hearing make a showing of an arguable theory of defense. Thus, Wright has demonstrated a meritorious defense. Point granted.

Wright's motion to set aside the default judgment alleged facts constituting a meritorious defense and good cause shown. As such, Wright carried his burden of proof with respect to having the default judgment entered in favor of Paskon set aside. Therefore, the case is remanded and the trial court directed to set aside the default judgment and to fix a reasonable time in which Wright shall be permitted to file an answer.

The judgment is reversed and remanded.

ROBERT G. DOWD, JR., J., and PATRICIA L. COHEN, J., concur.