

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FIVE

| | | |
|---|---|---|
| LONNIE SNELLING, | ) | No. ED103333 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| KEVIN T. SEGBERS, | ) | Hon. Barbara T. Peebles |
| | ) | |
| Defendant/Respondent. | ) | FILED:  June 28, 2016 |

## OPINION

Lonnie Snelling appeals from the circuit court's judgment dismissing with prejudice his petition against Kevin Segbers for trespass and other claims and granting default judgment on Segbers's counterclaim against Snelling for abuse of process.  Finding no error, we affirm.

## Background

The procedural history of this case is protracted and convoluted yet essential to resolution of the issues. Appellant Snelling owns residential rental property at 2040-48 East Gano Avenue in the City of St. Louis.  Adjacent, on the same side of the street, across Emily Avenue, is an elementary school located at 2128 East Gano Avenue.  On May 3, 2004, and throughout the summer of that year, Respondent Segbers and others played stickball at the elementary school.

On August 23, 2004, Snelling filed suit[1] against Segbers and his fellow stickball players alleging that the defendants trespassed onto the property when retrieving balls and caused damage

---

[1] Cause No. 22042-07946.

to the property from balls entering the property's guttering system. On January 22, 2009, Snelling filed a dismissal of certain named defendants but not Segbers.

Snelling filed a second suit[2] on January 22, 2010, again naming Segbers as defendant. The second suit was dismissed without prejudice on December 2, 2010, because Segbers was still named in the first lawsuit.

On November 10, 2011, service of process in the first suit was quashed because the original service upon Segbers's mother was insufficient, as Segbers did not live at his mother's address. On January 4, 2012, the first suit was dismissed without prejudice for failure to prosecute.

Snelling re-filed his lawsuit[3] on January 2, 2013. On August 22, 2013, service of process was quashed again because service upon Segbers's father was insufficient, as Segbers did not live at his father's address. On October 3, 2013, Snelling's suit was again dismissed without prejudice for failure to prosecute. Snelling appealed. In December 2014, this court dismissed the appeal for lack of an appealable judgment. [4]

On February 5, 2015, Snelling re-filed a four-count Petition[5] against Segbers and other defendants, and that suit is the subject of this appeal. Snelling's 2015 petition is titled "Petition for Negligent Trespass by Objects/Common Law Trespass/Negligent Interference with Contract and Business Expectancy/Creating a Nuisance/Property Damages/Conspiracy/Negligent Infliction of Emotional Distress/Punitive Damages." Count I is a claim for negligent trespass by objects, common law trespass, and property damages arising from Segbers's and other defendants' stickball activities. Count II is also a claim for trespass by objects and common law trespass as well as creating a nuisance, property damages, and negligent interference with contract, again

---

[2] Cause No. 1022-CC00199.
[3] Cause No. 1322-AC00042.
[4] Snelling v. Segbers, et al., 450 S.W.3d 493 (Mo. App. E.D. 2014).
[5] Cause No. 1522-AC01719.

arising from Segbers's stickball activities. Count III alleges fraud upon the court, fraudulent procurement of order and judgment, conspiracy, and intentional interference with property rights in judgments, alleging a conspiracy by Segbers and other defendants to trespass and cause damage to Snelling's property. Lastly, Count IV is a claim for negligent infliction of emotional distress.

Segbers received service February 14, 2015. On March 17, Segbers filed his answer asserting an affirmative defense based on the statute of limitations and a counterclaim for abuse of process and seeking $25,000 in actual damages and $50,000 in punitive damages. On April 16, Snelling filed a motion for leave to amend a request for document production, a motion for continuance, and a notice of hearing for his motions to be called up on April 23. On April 23, the trial court granted Snelling until May 4 to respond to Segbers's counterclaim and set the next hearing for that date. On April 28, Segbers filed a motion to dismiss for failure to state a claim and untimeliness. Segbers's motion to dismiss was mailed to Snelling on April 29. On April 29, Segbers filed a motion for default judgment on his counterclaim. Segbers's motion for default judgment was mailed to Snelling on April 30. Snelling went to the courthouse on May 4 to file his response to Segbers's counterclaim, but Snelling failed to appear at the hearing that same day. Consequently, the trial court issued orders granting both of Segbers's motions. Specifically, the court dismissed Snelling's petition and all counts with prejudice, entered default judgment in Segbers's favor on his counterclaim, and set a hearing on damages for May 27. On May 27, the trial court held the hearing on damages and entered judgment in favor of Segbers on his counterclaim, awarding $7,500 in actual damages and $2,500 in punitive damages.

Snelling presents seven points on appeal: (1) The trial court erred in dismissing Snelling's lawsuit with prejudice because he didn't receive notice of the May 4 hearing. (2) The trial court erred in dismissing Snelling's lawsuit for untimeliness because factual issues remain as to whether

the statute of limitations was tolled under §516.280 RSMo, and specifically whether the quashing of service of process on August 22, 2013, was procured by fraud. (3) Dismissal is contrary to applicable law regarding a motion to dismiss for failure to state a claim. (4) The trial court lacked subject matter jurisdiction over Segbers's motion for judgment by default on the counterclaim. (5) Snelling didn't receive notice of Segbers's motion for default judgment and the May 4 hearing on that motion. (6) Snelling didn't receive notice of the May 27 hearing on damages on Segbers's counterclaim. (7) Segbers's counterclaim fails to state a claim on which relief could be granted.

## Analysis

*Notice of May 4 Hearing*

For his first point, Snelling essentially contends that the trial court's judgment dismissing his lawsuit with prejudice is void because he did not receive notice that Segbers's motion to dismiss would be heard on May 4.

"Due process requires that a party be informed of any proceeding which is to be accorded finality either by actual notice or by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Cody v. Old Republic Title Co., 156 S.W.3d 782, 784 (Mo. App. E.D. 2004).

The record refutes Snelling's assertion that he was deprived of notice and an opportunity to defend Segbers's motion on May 4. Snelling attended a hearing April 23 during which the court granted him until May 4 to respond to Segbers's counterclaim. Snelling concedes that he was at the courthouse on May 4 to file his response. Importantly, the docket sheet contains an entry dated April 23 (date of the hearing) *setting the next hearing for May 4*. Segbers' motion to dismiss was mailed to Snelling on April 29. No stranger to court proceedings, Snelling had ample notice or at the very least circumstances reasonably calculated to apprise him that all pending matters relating to this cause of action would be addressed on May 4. Point I is denied.

4

*Timeliness*

For his second point, Snelling submits that the trial court erred in dismissing his petition for untimeliness because factual issues remain as to whether the statute of limitation was tolled under §516.280 RSMo. That statute states: "If any person, by absconding or concealing himself, or by any other improper act, prevents the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." Id.

Snelling alleges that the quashing of service of process on August 22, 2013, was procured by fraud, so the statute of limitations was tolled under §516.280 (presumably until Segbers was effectively served). Specifically, Snelling alleges that Segbers's father committed perjury by testifying that Segbers did not live at his address on the date of attempted service. But the trial court expressly found Segbers's father "to be a credible witness." Moreover, the trial court granted Snelling additional time to rebut Segbers's evidence. Although Snelling complains that the trial court rejected a "print-out" from the Department of Revenue,[6] ultimately the trial court has broad discretion to admit or exclude evidence and is free to assign witness credibility and evidentiary weight at it sees fit, and we must defer to those determinations. Owens v. ContiGroup Companies, Inc., 344 S.W.3d 717, 726 (Mo. App. W.D. 2011) (trial court has broad discretion to admit or exclude evidence); Bacon v. Uhl, 173 S.W.3d 390, 396 (Mo. App. S.D. 2004) (trial free to assign credibility to testimony and weight to evidence).

In sum, we must defer not only to the trial court's finding that service on Segbers on August 22, 2013, was void but also to the court's corresponding inference that the quashing of that service

---

[6] Appellant cites the Legal File at pp. 90-91 but no such print-out appears there or anywhere else in the record.

was not procured by fraud. Consequently, the statute of limitations on Snelling's petition was not tolled by operation of §516.280.

A petition will be dismissed on the affirmative defense of the statute of limitations when it is absolutely clear from the face of the petition that it is time barred. Doyle v. Crane, 200 S.W.3d 581, 585 (Mo. App. W.D. 2006). The trial court did not err in dismissing Snelling's 2015 petition. Point II is denied.

*Dismissal for Failure to State a Claim*

For his third point, Snelling contends that the trial court erred by dismissing his petition for failure to state a claim on the merits. We do not reach this point, as the trial court properly dismissed Snelling's 2015 petition as barred by the statute of limitations. Point III is denied.

*Subject Matter Jurisdiction Over Segbers's Counterclaim*

For his fourth point, Snelling asserts that the trial court lacked subject matter jurisdiction over Segbers's counterclaim. In accordance with Webb ex rel. J.C.W. v. Wyciskalla, 275 S.W.3d 249 (Mo. 2009), we understand Snelling's point as a challenge to the trial court's statutory authority to grant the relief requested in this case.

Snelling argues that Segbers's counterclaim was untimely in that it was not filed by the return date on the summons as required by §517.031(2) governing proceedings in associate circuit court. Segbers responds that his counterclaim is not governed by Chapter 517 because the amount in controversy exceeds $25,000. §517.011.1(1). Rather, Rule 55.25 applies and allows 30 days to file a counterclaim. Segbers is correct. Point IV is denied.

*Notice of Hearing on Segbers's Counterclaim*

For his fifth point, similar to the first, Snelling suggests that the trial court's default judgment is void because he did not receive notice that Segbers's counterclaim for abuse of process

6

would be heard on May 4. This point fails for the same reasons discussed in point I. Segbers's motion was mailed to Snelling on April 30. Snelling was aware that the next hearing in the case was set for May 4. Snelling was at the courthouse that day but failed to appear at the hearing. Under these circumstances, Snelling's claim that he was not apprised of the matter and afforded an opportunity to present his objections is wholly disingenuous. Point V is denied.

*Notice of Hearing on Damages*

For his sixth point, Snelling asserts that the trial court's judgment awarding damages to Sebgers on his counterclaim is void because Snelling did not receive notice of the damages hearing held on May 27.

"A party has a continuing duty to monitor a case from the filing of the case until final judgment." Vilsick v. Fibreboard Corp., 861 S.W.2d 659, 664 (Mo. App. E.D. 1993). "Once a defendant is served, he is charged with notice of all subsequent proceedings in the case." Doe v. Hamilton, 202 S.W.3d 621, 624 (Mo. App. E.D. 2006).

As previously discussed, Segbers's counterclaim was mailed to Snelling on April 30. Snelling was in the courthouse on May 4 yet defaulted at the May 4 hearing during which the trial court set the subsequent hearing on damages for May 27. The trial court's order granting default judgment for Segbers specifically states that a "hearing on damages sustained by [Segbers] shall be held on May 27." Although the docket sheet in legal file here does not contain an entry on May 4 signaling the default judgment and damages hearing, CaseNet confirms entry of the default judgment and the May 27 setting in the electronic record on May 4 (albeit titled Motion to Dismiss Final).

Moreover, "a defendant in default does not have the right to notice of default proceedings." Id. Point VI is denied.

7

*Merits of the Counterclaim*

For his seventh point, Snelling challenges the merits of Segbers's counterclaim and asserts that the trial court erred by entering judgment and damages in Segbers's favor. This point ignores the procedural fact that Snelling defaulted on the counterclaim. When a defendant has failed to establish good cause for the default, the court need not address whether he has presented sufficient facts for a meritorious defense.[7] Id. Point VII is denied.

*Sanctions for Frivolous Appeal*

"If an appellate court shall determine that an appeal is frivolous, it may award damages to the respondent as the court shall deem just and proper." Rule 84.19. "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." Dennis v. H & K Mach. Serv. Co., 186 S.W.3d 484, 487 (Mo. App. E.D. 2006). This appeal satisfies the foregoing standard.

"The authority to assess damages for a frivolous appeal rests within the sound discretion of this court." Bugg v. Rutter, 466 S.W.3d 596, 605 (Mo. App. W.D. 2015). "The purpose of sanctions is two-fold: 1) to prevent congestion of appellate court dockets with cases devoid of merit, and 2) to compensate respondents for incurring expenses defending judgments against meritless issues." Id. Regarding the former, while this court respects litigants' rights to seek redress in the courts, frivolous litigation and appeals waste scarce judicial resources and distract the judiciary from cases filed by citizens with legitimate claims. Snelling v. Kenny, No. ED 102960, 2016 WL 1086027, at *8 (Mo. App. E.D. Mar. 15, 2016), reh'g and/or transfer denied (Apr. 26, 2016).

---

[7] Even had the trial court considered the merits of Segbers's claim, this court would find no error or abuse of discretion in the court's judgment for Segbers on this record.

Mr. Snelling's consumption of judicial resources is staggering. Segbers reports that CaseNet lists over 360 cases filed by Snelling in Missouri courts over the past 40 years. Snelling has filed over 90 appeals in this court alone. In furtherance of the objectives stated above – to deter future frivolous litigation and to compensate Segbers for the expense of defending meritless issues - and in exercise of our authority and discretion under Rule 84.19, we order Snelling to pay Segbers damages of $1000.

**Result**

The trial court's order dismissing Snelling's petition is affirmed. The trial court's default judgment and award of damages in Segbers' favor is also affirmed. Pursuant to Rule 84.19, Snelling is ordered to pay Segbers $1000 in damages for a frivolous appeal.

_____
Lisa Van Amburg, Chief Judge


Mary K. Hoff, J., and
Roy L. Richter, J., concur.