Charlotte **NIEMANN**, **Plaintiff–Respondent**,

v.

Walter E. **KASCH**, **Defendant–Appellant**.

No. 52798.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 1, 1987.

Walter E. Kasch, pro se.

Henry B. Hine, St. Louis, for plaintiff-respondent.

KELLY, Judge.

Appellant Walter E. Kasch is the owner of a residence located at 4716 Michigan in St. Louis, Missouri. Respondent Charlotte Niemann fell on the property and suffered a broken ankle. Respondent brought suit against appellant in January 1985, alleging her injuries occurred as a direct result of appellant's negligence. The legal file reflects proof of service of the summons and petition on appellant. In July 1986, the trial court entered a default judgment in favor of respondent from which appellant has brought this appeal *pro se*. We dismiss the appeal.

After filing her lawsuit in January 1985 respondent filed interrogatories in March 1985 directed to appellant. The following August appellant objected to the interrogatories and filed a motion to dismiss. At that time the court chose to treat the motion to dismiss as a motion for summary judgment and overruled the objections to interrogatories. The court allowed appellant sixty days to file supplementary affidavits and exhibits. Appellant did so, timely filing the supplementary material on October 2, 1985.

Between the date of his filing the supplementary records and September 1986, the trial court made several decisions affecting appellant. In April 1986, the court overruled appellant's motion for summary judgment. The legal file contains a copy of the plaintiff's court memorandum dated April 21, 1986, with proof of service on the same date reflecting both default and inquiry granted and also the setting for a final default hearing on June 13, 1986. The judge's docket sheet does not show an entry reflecting that plaintiff's April memorandum was filed that date. The judge's docket sheet does show an entry on May 10, 1986, that "Def't's request for Default and Inquiry, per memo filed." We presume that, in referring to "Def't", the court or his clerk meant "Plaintiff". In July 1986, a default judgment in the amount of $55,000 against appellant became final. Appellant claims he had no contact with either respondent or the court since he filed the supplementary material

until he received a bill for costs in September, 1986.

The legal file does not include plaintiff's petition, defendant's motion to dismiss, or defendant's exhibits supplementing the motion for summary judgment. The legal file does not indicate whether defendant received notice of the order overruling the motion for summary judgment. The file does not even indicate who called up the motion for summary judgment. Rule 81.-12(c) specifies that it is appellant's duty to prepare the legal file and we do not condone the shortcomings of the legal file.

■ Appellant proceeded at trial without the assistance of counsel and he appears before us *pro se*. While this may not be the wisest course (as the hefty default judgment demonstrates), this is appellant's right. *Collector of Revenue v. Parcels of Land*, 531 S.W.2d 100, 101 (Mo.App.1975). Appellant is, however, still subject to the same rules of appellate procedure as those admitted to practice law. Appellant is not entitled to any indulgence the court would not grant to practitioners. *Boyer v. Fisk*, 623 S.W.2d 28, 30 (Mo.App.1981).

Although appellant asks that we set aside the summary judgment, the trial court did not grant respondent summary judgment. Therefore, we assume appellant actually wants the default judgment overturned, despite how he has framed his request.

■ The legal file contains no record of a motion by appellant to set aside or vacate the default judgment. Unless the trial court rules on a motion to vacate, this court is not competent to overturn a default judgment. *Blackmore v. Blackmore*, 639 S.W.2d 268, 269 (Mo.App.1982). "[A] default judgment is not appealable in the absence of a motion to set aside or vacate." *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984), *after retransfer*, 666 S.W.2d 426 (Mo.App.1984).

In *Vonsmith*, the Missouri Supreme Court, sitting *en banc*, affirmed a ruling of this court forbidding the direct appeal of a default judgment. The defendant may, however, appeal the trial court's decision

not to vacate a default judgment. As one commentator has aptly observed:

> The rationale for the rule forbidding direct appeal of a default judgment was first explained in *Vonsmith v. Vonsmith.* The court of appeals held in *Vonsmith* that the rule serves to ensure that there will be a proper allocation of responsibility between a court of appeals and the trial court. If the defendant is permitted to raise his objections to the trial court's decision for the first time on appeal, the court of appeals will be assuming original, not appellate; jurisdiction. Furthermore, litigation is an adversarial process. If the defendant does not assume that role at the trial level, he should not be permitted to do so on appeal. The trial court "cannot be said to have committed an error when ... [its] judgment was never taken into consideration ..." [*Vonsmith*, 666 S.W.2d at 424 *quoting Gelston v. Hoyt*, 13 Johns. 561, 566–7 (N.Y.1816)]. By requiring the defendant first to file a motion to vacate, the court is permitted to review its decision before the matter is submitted to the court of appeals.

Laughrey, *Default Judgments in Missouri,* 50 Mo.L.Rev. 841, 866 (1985).

The Supreme Court extended the *Vonsmith* rule in *Barney v. Suggs,* 688 S.W.2d 356 (Mo. banc 1985) to include situations where a defendant has failed to file a timely motion to vacate a default judgment. Such a defendant is also precluded from direct appellate review.

In *Barney,* 688 S.W.2d at 357–8, the defendant learned of a $300,000.00 default judgment against him only after the time to file a motion to vacate the default judgment had expired. *See* Rule 75.01. Unable to file a motion to vacate the judgment, the defendant sought appellate review. Our supreme court affirmed this court's dismissal of the defendant's appeal. 688 S.W.2d at 360.

In the case at bar, we find the appeal controlled by *Barney v. Suggs* where our supreme court stated:

> Defendant negligently disregarded legal process. Once he was validly served he was charged with notice and in court for all subsequent proceedings. Plaintiff proceeded properly under the rules. Defendant ignored them.... Dereliction by a defendant should not be so rewarded.

688 S.W.2d at 360; *see generally,* Laughrey, *supra,* at 865–9 (detailed discussion of the appealability of default judgments in Missouri); *see also* Laughrey, *Balancing Finality, Efficiency, and Truth: A Proposed Reform of the Missouri Default Judgment Provisions,* 51 Mo.L.Rev. 63, 81–5 (1986).

We cannot overlook defendant's failure to file a motion to set aside the default judgment, an omission fatal to his appeal. Accordingly, we dismiss this appeal.

KAROHL, P.J., and SMITH, J., concur.