John J. PALMER, Appellant,

v.

HAWKEYE SECURITY INS.
CO., Respondent.

No. 74726.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 27, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 14, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Richard E. Schwartz, James E. Parrot, St. Louis, for appellant.

William R. Stahlhuth, Steve Wolf, Eureka, for respondent.

LAWRENCE G. CRAHAN, Presiding Judge.

John J. Palmer ("Plaintiff") appeals the judgment in favor of Hawkeye Security Insurance Co. ("Insurer") in an equitable garnishment action. We reverse and remand.

In 1986, Plaintiff was hit by a truck driven by an employee of West Engineering ("Insured"). At the time of the accident Insured had business auto liability insurance from Insurer. Insured filed for bankruptcy in 1987 and was dissolved two years later. In 1990, Plaintiff filed suit against Insured and served Insured's president with summons and a copy of the petition. The case was dismissed without prejudice in 1991. Plaintiff re-filed suit against Insured in 1992, and again served its president with summons and a copy of the petition.

In 1996, Plaintiff took a default judgment against Insured in the amount of $150,000, after Insured failed to file a responsive pleading. Approximately two months later Plaintiff served a Notice of Examination of Judgment Debtor on Insured's president who forwarded the Notice to Insurer. Until then, Insurer had

not been informed of the accident or the two resulting lawsuits. Under the business auto liability policy issued by Insurer, Insured was required to immediately send Insurer copies of any notices or legal papers received in connection with an accident or loss.

Plaintiff filed the underlying action for equitable garnishment of the business automobile liability policy pursuant to Section 379.200 RSMo 1994 in order to satisfy the default judgment. Insurer sought to avoid coverage on the basis of Insured's noncompliance with the policy's notice provision. The trial court found that Insured "used the pickup in the course of its business and probably owned the vehicle at the time of the accident. Even if the vehicle had not yet been titled to [Insured], the insurance policy issued by [Insurer] provided coverage as the policy covered non-owned vehicles used in [Insured's] business." However, the trial court entered judgment in favor of Insurer because it found that Insured failed to substantially comply with the policy's notice provision and Insurer was thereby prejudiced.

The standard of review in this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Id.* at 32.

█ Both of Plaintiff's points on appeal raise essentially the same issue, that the trial court erred in finding that Insurer was prejudiced by not receiving notice of Plaintiff's claim until after entry of default judgment. Specifically, Plaintiff argues that Insurer waived the defense of untimely notice by failing to plead or introduce evidence of prejudice resulting from the untimely notice and no evidence supported the trial court's finding of prejudice. At issue is the following holding by the trial court:

[T]he fact that a default judgment was entered against [Insured] ... estab-

lishes prejudice from [Insured's] failure to forward suit papers or otherwise notify [Insurer] of Plaintiff's claims against [Insured]. [Insurer] had no notice of the suit against [Insured] and was therefore prevented from performing any investigation or from attempting to interpose a defense to Plaintiff's claims.

█ It is undisputed that Insured did not immediately send Insurer the required copies of the notices or legal papers received in connection with the accident in which Plaintiff was injured. Nevertheless, Insurer will not avoid liability on this ground unless Insured failed to substantially comply with the policy's notice requirement. *Weaver v. State Farm Mut. Auto. Ins. Co.*, 936 S.W.2d 818, 821 (Mo. banc 1997). "In determining whether or not an insured was in substantial compliance with a policy's notice provision, the trier of fact must consider whether the insurance company was prejudiced by the delay." *Id.* (quoting *Tresner v. State Farm Ins. Co.*, 913 S.W.2d 7, 15 (Mo. banc 1995)). The insurer bears the burden of proving actual prejudice. *Weaver v. State Farm Mut. Auto. Ins. Co.*, 936 S.W.2d at 821.

The trial court held that Insurer presumptively suffered prejudice from Insured's failure to give notice of Plaintiff's suit until after the entry of default judgment. As support for its position, the trial court cites *Anderson v. Slayton*, 662 S.W.2d 575 (Mo.App.1983). However, as Insurer concedes in its brief, *Anderson* is distinguishable from this case because the insurer in *Anderson* received no notice of the suit until after a default judgment had become final. *Id.* at 576. In this case, Insurer learned of the default judgment against Insured within the one-year limitation on setting aside default judgments. Rule 74.05(d). Insurer elected not to intervene and try to set aside the default judgment.

In order to set aside a default judgment under Rule 74.05(d), a defendant must

show only good cause and a meritorious defense. *Garner–Roe v. Anderson,* 894 S.W.2d 223, 226 (Mo.App.1995). Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. Rule 74.05(d). Presumably, Plaintiff would have stipulated that there was good cause, because without a finding of good cause, Insurer would have been able to show prejudice resulting from the default judgment and thereby avoid payment of Plaintiff's claim. In order to show a meritorious defense, a defendant need only show a "factor likely to materially affect the substantive result of the case." *Yerkes v. Asberry,* 938 S.W.2d 307, 309 (Mo.App.1997) (quoting *LaRose v. Letterman,* 890 S.W.2d 347, 351 (Mo.App.1994). If Insurer had no meritorious defense, it was not prejudiced by the late notice, as it would have been unable to change the outcome of the underlying suit even with timely notice. If Insurer had a meritorious defense, it would have been able to set aside the default judgment had it tried. Accordingly, the default judgment did not prejudice Insurer.

 The trial court erred in presuming prejudice resulted from the failure to comply with the notice provision of the insurance contract, because Insurer bore the burden of proving actual prejudice. *See Weaver v. State Farm Mut. Auto. Ins. Co.,* 936 S.W.2d at 821. Insurer did not plead that prejudice resulted from Insured's failure to give immediate notice of Plaintiff's lawsuit or that Insurer had a meritorious defense. Neither did Insurer introduce evidence to that effect. No evidence supported the trial court's finding that Insurer was prejudiced. Any prejudice Insurer actually suffered because of the entry of default judgment was self-inflicted, as Insurer allowed the judgment to become final. The trial court erred in finding that Insurer was prejudiced. Insurer cannot defeat its liability under the policy because of the non-prejudicial failure of Insured to give immediate notice of Plaintiff's claim.

*Weaver v. State Farm Mut. Auto. Ins. Co.,* 936 S.W.2d at 820.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, J., and LAWRENCE E. MOONEY, J., concur.