**MISSOURI DIVISION OF CHILD SUPPORT ENFORCEMENT, and Keisha James, Respondents,**

v.

**Leman DOBBINS, Appellant.**

**No. ED 80147.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 2002.

Leman Dobbins, Cameron, pro se.

Jack R. Charter, Asst. Circuit Atty., St. Louis, for respondent.

GARY M. GAERTNER, Sr., Judge.

Appellant, Leman Dobbins ("appellant"), appeals from the default paternity judgment entered by the Circuit Court of the City of St. Louis in favor of respondents, Missouri Division of Child Support Enforcement ("division") and Keisha James. We dismiss.

Division filed a petition under the Uniform Parentage Act on behalf of R.J. ("child"), born January 29, 1991, to establish that appellant was the father of child. Appellant was served with the paternity petition and summons in October of 2000 while he was incarcerated. Appellant

failed to file a responsive pleading and on November 16, 2000, the case was assigned for a default hearing. On March 19, 2001, appellant was given notice that a default hearing would be held on March 30, 2001. On March 30, 2001, appellant failed to appear for the default hearing and a default paternity judgment was entered against him. The default judgment declared appellant the father of child, and ordered child's birth certificate amended to reflect the finding. Also, the default judgment ordered appellant to pay $20 per month in child support and provide health insurance for child. Child support payments were ordered to commence retroactively from November 1, 2000.

The file on appeal contains no record of a motion filed by appellant to set aside or vacate the default judgment. On October 1, 2001, appellant, acting *pro se*, was granted, by this court, his motion to file a late notice of appeal.

Appellant, although before us *pro se*, is still subject to the same rules of appellate procedure as those admitted to practice law and appellant is not entitled to any indulgence we would not grant practitioners. *Niemann v. Kasch*, 740 S.W.2d 706, 707 (Mo.App. E.D.1987). "A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment." *Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo.banc 1985); *see also Vonsmith v. Vonsmith*, 666 S.W.2d 424, 424 (Mo.banc 1984), *after retransfer*, 666 S.W.2d 426, 427 (Mo.App. E.D.1984). An appellant who fails to file a timely motion to set aside or vacate a default judgment will not be afforded direct appellate review of the default judgment. *Barney*, 688 S.W.2d at 358.

In this case, the file on appeal contains no record of a motion filed by appellant to set aside or vacate the default judgment. Thus, the trial court never heard a motion

to set aside or vacate the default judgment entered against appellant. Therefore, the default judgment cannot be directly appealed. Appellant's failure to file a motion to set aside the default judgment was an omission fatal to his appeal. *See Niemann*, 740 S.W.2d at 708.

Accordingly, we dismiss the appeal.

PAUL J. SIMON, P.J. and KATHIANNE KNAUP CRANE, J., concur.