Michael G. BAKER, Jr., by his Next Friend, Teresa Baker, Teresa Baker, Individually, and Michael G. Baker, Sr., Plaintiffs–Appellants,

v.

Ricky L. LEE, Defendant–Respondent.

No. 28663.

Missouri Court of Appeals, Southern District, Division Two.

May 20, 2008.

James E. Corbett, David T. Tunnell, Springfield, MO, for appellants.

Beth C. Boggs, Wade J. Thomas, St. Louis, MO, for respondent.

DON E. BURRELL, Judge.

Michael G. Baker, Jr., Teresa Baker, and Michael G. Baker, Sr. ("the Bakers")

appeal from a judgment allowing American International South Ins. Co. ("American") to intervene and set aside a default judgment that had been entered against Ricky L. Lee ("Lee").

Michael G. Baker, Jr. was involved in an automobile accident and was injured when the vehicle he was riding in was struck by a vehicle driven by Lee. Lee allegedly failed to maintain automotive liability insurance at the time of the collision. Michael Baker, Jr. and Teresa Baker had an insurance policy with American that included uninsured motorist coverage.

On April 19, 2006, the Bakers' attorney mailed a letter with attached "settlement brochure" to American which claimed that "Michael Baker" had been injured in an August 2, 2005 automobile collision caused by the negligence of an allegedly uninsured motorist named "Ricky Lee." The letter asked a representative of American to contact the Bakers' attorney to discuss the matter.

In July of 2006, the Bakers filed a lawsuit against Lee for damages caused by the accident. Lee was served with a summons and a copy of the Bakers' petition but failed to file an answer or otherwise defend himself. On September 19, 2006, American was notified by the Bakers that they had filed suit against Lee and were planning on obtaining a default judgment against him on September 26, 2006.

A default judgment was, in fact, entered against Lee on September 26, 2006. Three days later, the Bakers notified American that the court had granted them a default judgment and sent American a copy of it.

On February 13, 2007—four-and-a-half months after it had received notice of the entry of the default judgment—American

filed motions to: 1) intervene as a matter of right pursuant to Rule 52.12[1] and; 2) to set aside the default judgment that had been entered against Lee. In July of 2007, the trial court granted American's motion to intervene and then set aside the default judgment as requested. The Bakers now appeal the trial court's decision to set aside the default judgment.

### Standard of Review

■■■ A decision to set aside a default judgment is reviewed for an abuse of the trial court's discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007). Trial courts have broader discretion when granting a motion to set aside a default judgment than when denying such a motion. Id. at 687. "Missouri appellate courts have traditionally afforded significant deference to the [trial] court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the 'distaste our system holds for default judgments.'" Id. at 686 (quoting *Continental Basketball Ass'n v. Harrisburg Professional Sports, Inc.*, 947 S.W.2d 471, 473 (Mo.App. E.D.1997)).

### Analysis

A person has the right to intervene in a cause of action upon "timely application" when the applicant "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Rule 52.12(a).

■■■ An uninsured motorist carrier is held to have an absolute right to intervene in an action where its policyholder is al-

---

1. Unless otherwise noted, all references to rules are to Missouri Rules of Civil Procedure (2007).

leged to have been injured by the negligence of an uninsured motorist. *Wells v. Hartford Accident & Indemnity Co.*, 459 S.W.2d 253, 259 (Mo. banc 1970); *Frost v. White*, 778 S.W.2d 670, 672 (Mo.App. W.D. 1989); *Beard v. Jackson*, 502 S.W.2d 416, 418–19 (Mo.App. St.L.Dist.1973). In fact, under Missouri law, when a claim is brought against an uninsured motorist, such an insurer *must* intervene if it wishes to raise any defenses on the issues of liability and damages. *Frost*, 778 S.W.2d at 672. If the insurer does not intervene and raise those defenses—provided the insurer had full and adequate notice of the claim and an opportunity to intervene—that insurer is estopped from relitigating the issues of liability and damages once they have been decided in the underlying suit against the uninsured motorist. *Wells*, 459 S.W.2d at 259.

Thus, as the uninsured motorist carrier for Michael G. Baker, Jr. and Teresa Baker, there is no question that American could have intervened as a matter of right in the underlying case and defended the action against Lee as to both liability and damages once it had full and adequate notice of the existence of the action.

Rule 74.05(d) allows a default judgment to be set aside if the motion to do so is made "within a reasonable time not to exceed one year after the entry of the default judgment." On June 27, 2006, our Supreme Court amended Rule 74.05 (effective January 1, 2007) to add a final paragraph which states "[a] motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06." Rule 74.05. This amendment to the rule made explicit this court's prior holding in *In re Marriage of Coonts*, 190 S.W.3d 590 (Mo.App. S.D.2006), which held that because of its one year time frame, a motion to set aside a default judgment brought under Rule 74.05 must be considered an independent action. *Id.* at 599; *Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo. App. W.D.2007).[2]

American filed its motion to set aside the default judgment against Lee within one year of the entry of that judgment and after the January 1, 2007 effective date of the current version of Rule 74.05.

■ Rule 74.05(d) allows a default judgment to be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown[.]" In the case at bar, the Bakers acknowledge that American timely filed its motion to set aside the default judgment and that American has shown the existence of a meritorious defense. What the Bakers do allege as error was the trial court's finding that American showed good cause for setting aside the judgment.

As the party seeking to have the default judgment set aside, American had the burden to demonstrate good cause for not having timely answered the petition or otherwise defended the case. *Brungard*, 240 S.W.3d at 688. The rule states that "good cause" includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d); *Paskon v. Wright*, 230 S.W.3d 24, 28 (Mo.App. E.D.2007). The Bakers argue that American must show a

---

**2.** Whether any interested person who was not a party (though could have been as of right) to the underlying action is actually required to "intervene" in order to file a motion to set aside a default judgment (a process deemed to be an independent action) and whether such an application to intervene made more than thirty days after a default judgment has been entered can be considered a "timely application" for purposes of Rule 52.12 are questions that do not have to be answered in this case as Appellant does not challenge the trial court's granting of American's motion to intervene.

mistake or conduct on the part of *Lee*, and not American, that was not intentionally or recklessly designed to impede the judicial process. Our research has failed to uncover any cases interpreting the current version of Rule 74.05 that have directly addressed this contention.[3]

As American is the party bringing the motion to set aside the default judgment—and could be bound by any findings as to liability and damages resolved in the underlying case—we believe that the proper analysis is whether American can demonstrate good cause on its own behalf for not having intervened in the original case against the uninsured motorist, Lee.

In holding that the good cause for failing to timely defend the original action must be American's own, we are applying a principle that is also in accord with prior Missouri case law. In *Palmer v. Hawkeye Security Ins. Co.*, 1 S.W.3d 591 (Mo.App. E.D.1999), Hawkeye Security Insurance provided business auto liability insurance for West Engineering. An employee of West Engineering hit plaintiff who then brought an action for damages against that employee and his employer. *Palmer*, 1 S.W.3d 591. The plaintiff eventually received a default judgment of $150,000 against West Engineering. Approximately two months after receiving the default judgment, the plaintiff notified Hawkeye Security Insurance of the existence of the default judgment and subsequently filed an action for equitable garnishment of the business automobile liability policy. *Id.* at 591–92. The trial court entered judgment in favor of Hawkeye on the basis that Hawkeye was prejudiced by West Engineering's failure to comply with the notice provisions of its policy with Hawkeye. *Id.*

On appeal, the eastern district of this court reversed the trial court on the basis that Hawkeye had failed to demonstrate that it was prejudiced by the late notification. *Id.* at 593. The court noted that, despite having received notice of the default judgment within the one year limitation period provided in Rule 74.05(d), Hawkeye had elected not to intervene and attempt to have it set aside. Id. at 592. In examining whether Hawkeye was prejudiced by the default judgment, the *Palmer* court first assumed that Hawkeye had standing[4] to bring the motion to set aside the default judgment then analyzed whether Hawkeye could have shown the good cause and meritorious defense required to prevail on such a motion. *Id.* at 592–93. In addressing the good cause requirement, the court clearly implied that Hawkeye would only need to show good cause for its (and not West Engineering's) failure to

---

**3.** Rules governing the entry and setting aside of default judgments have existed in various forms for many years. The previous version of Rule 74.05 was adopted in 1987 and became effective in 1988. *Coonts*, 190 S.W.3d at 593.

**4.** Appellant has not challenged American's standing to seek to set aside the default judgment at issue in this case. As the issue of standing is always relevant to this court's jurisdiction, we have independently reviewed the matter. Because American had a real interest in the underlying action that would have allowed it to intervene as a matter of right and because a motion to set aside a default judgment under Rule 74.05 is deemed to be an independent action, we believe American had sufficient standing to challenge the judgment. Even prior to the effective date of the current version of Rule 74.05, it has been held that "in some instances, one not a party to the record, whose rights are injuriously affected by a judgment ... will be heard upon his motion to set aside a judgment." *Kollmeyer v. Willis*, 408 S.W.2d 370, 378–79 (Mo. App.1966) (the existence of an indemnitor-indemnitee relationship [at least if the indemnitor has not denied coverage and thereby broken that relationship—*see Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 481–82 (Mo.App. W.D.1992) ] is sufficient to allow the indemnitor to intervene as it would be bound by the results of the judgment).

intervene or attempt to set aside the default judgment. *Id.*

### Did Good Cause Exist?

As noted previously, "good cause" is defined as including "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). We interpret good cause liberally " 'not only to prevent a manifest injustice but to avoid a threatened one especially in cases tried without a jury where evidence on one side only is presented.' " *Young v. Safe–Ride Services,* 23 S.W.3d 730, 732 (Mo.App. W.D.2000) (quoting *Brueggemann v. Elbert,* 948 S.W.2d 212, 214 (Mo.App. E.D.1997) (overruled on other grounds)).

In the case at bar, American did not receive notice of the Bakers' suit against Lee until seven days before the default judgment was entered. Additionally, American received no notice of the specific time or division where the hearing on the Bakers' motion for default judgment would be held. Prior to the entry of the default judgment, American had not received any copies of the pleadings filed by the Bakers. Keeping in mind a trial court's broad discretion to grant motions setting aside default judgments we cannot find under this factual scenario that the trial court abused its discretion in determining that American received inadequate notice and, therefore, that American's failure to intervene was not due to intentional or reckless conduct designed to impede the judicial process.

The judgment of the trial court is affirmed.

LYNCH, C.J., and BARNEY, P.J., Concur.