Barbara A. SASTRY, Respondent,

v.

Melissa C. SASTRY, Appellant.

No. ED 92824.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 26, 2010.

Stephen P. Dowil, Clayton, MO, for Appellant.

Barbara A. Sastry, St. Louis, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Melissa Sastry (hereinafter, "Melissa")[1] appeals from the trial court's judgment denying her motion to set aside the default judgment entered in favor of Barbara Sastry (hereinafter, "Barbara") granting Barbara a full order of protection against Melissa. Melissa raises one point on appeal, arguing the trial court erred in denying her motion to set aside the default judgment because she had a meritorious defense and could demonstrate good cause shown for why she failed to appear at the hearing. We reverse and remand for further proceedings.

Melissa is married to Barbara's son, John. When this litigation commenced, Melissa and John had a divorce proceeding pending in St. Louis County. On January 16, 2009, Melissa obtained ex parte orders of protection for herself and her children against John in St. Louis County. In response, John obtained an ex parte order of protection against Melissa on January 20, 2009. The next day, Barbara filed a petition seeking an ex parte order of protection against Melissa in St. Charles County, which was granted the same day and set for a hearing on February 4, 2009.

John and Melissa appeared for a hearing on their respective ex parte orders on January 29, 2009. At the hearing, the parties negotiated an agreement and an interim order was entered whereby all ex parte orders were dismissed. The parties also reached an understanding that John would speak to Barbara and her ex parte order pending in St. Charles County would likewise be dismissed. Melissa's counsel sent John's counsel a letter confirming this understanding on February 3, 2009. The letter informed John's counsel neither he nor Melissa would attend the court proceeding based upon this agreement. On February 4, 2009, a hearing was held on Barbara's ex parte order of protection against Melissa. Neither Melissa nor her counsel appeared. The trial court entered a default judgment granting Barbara a full order of protection against Melissa, effective until February 3, 2010.

Melissa filed a motion to set aside the default judgment on February 20, 2009.

---

1. We respectfully refer to the parties by their first names for sake of clarity since they share the same surname.

The motion averred Melissa failed to appear because she was under the mistaken belief Barbara would dismiss her petition prior to the hearing. The trial court denied Melissa's motion. Melissa filed a motion to reconsider, which the trial court denied after a hearing. Melissa appeals.[2]

Melissa's sole point on appeal contends the trial court abused its discretion when it denied her motion to set aside the default judgment granting Barbara a full order of protection against her. Melissa claims she had a meritorious defense in that she believes Barbara's petition failed to state a cause of action. Moreover, Melissa argues she demonstrated good cause shown for her failure to appear in that she was under the mistaken belief Barbara's petition would be dismissed, thus negating the need for her or her counsel to appear at the hearing.

■■■■ We review the trial court's denial of a motion to set aside a default judgment for an abuse of discretion. *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009). We afford trial courts broader discretion when granting a motion to set aside a default judgment than when denying such a motion because of the public policy favoring the resolution of cases on the merits and the "distaste our system holds for default judgments." *Baker v. Lee*, 252 S.W.3d 267, 269 (Mo.App. S.D. 2008).

■■■■ Rule 74.05(d) permits a party to file a motion to set aside a default judgment within a reasonable time for a period not to exceed one year. Pursuant to this rule, the party bringing the motion must state facts constituting a meritorious defense and have good cause. Good cause shown "includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* Melissa bears the burden of proving good cause exists to set aside the default judgment. *Nervig v. Workman*, 285 S.W.3d 335, 341 (Mo.App. S.D.2009).

At the hearing on her motion to reconsider, Melissa presented the legal record, her affidavit, the interim order, and argument with respect to her meritorious defense. Barbara appeared *pro se* and indicated she was opposed to a full hearing on the merits. The trial court asked Barbara, "[I]t appears to me that, at best, Melissa was misled in thinking that everything was being dropped?" to which Barbara replied, "Not by me, Your Honor." At the conclusion of the hearing, the trial court stated, "Well, I am going to deny this, and—and, like I say, Barbara ..., it appears to me that Melissa may have been misled into believing that you were going to ... drop this." Barbara denied this statement, to which the trial court responded, "I understand, but I suspect you were a party to it."

Melissa must demonstrate three elements pursuant to Rule 74.05(d) in order to have the default judgment entered against her set aside. First, she had to file the motion within a reasonable time, up to a period not to exceed one year. Melissa filed her motion to set aside on February 20, 2009, less than a month after the original judgment was entered, and well within one year.

■■■■ Second, Melissa had to present facts constituting a meritorious defense. "The meritorious defense requirement is satisfied if the defaulting party 'sets forth allegations which, if supported by evidence

---

**2.** Barbara did not favor this Court with a brief on appeal. We recognize Barbara is not required to file a brief, nor is there any penalty for her failure to do so. A respondent's failure to file a brief, however, requires this Court to adjudicate an appellant's claim of error without benefit of whatever argument a respondent might have presented.

found credible by the fact-finder, would defeat the plaintiff's claim.' " *Paskon v. Wright,* 230 S.W.3d 24, 29 (Mo.App. E.D.2007)(*quoting Winsor v. Terex–Telelect–Inc.,* 43 S.W.3d 460, 466 (Mo.App. W.D.2001)). "Although there is no universal standard which establishes the components of a meritorious defense, it has been interpreted to mean any factor likely to materially affect the substantive result of the case." *Paskon, supra, (quoting Tinsley v. B & B Engines, Inc.,* 27 S.W.3d 859, 861 (Mo.App. E.D.2000)). This evidence need not be extensive or airtight, but must rise to at least an arguable theory of defense. *Pyle v. FirstLine Transp. Sec., Inc.,* 230 S.W.3d 52, 60 (Mo.App. W.D. 2007). The credibility of the evidence supporting the meritorious defense is determined after the default judgment is set aside at a subsequent trial on the merits, not at this stage. *Id.*

Melissa set forth allegations which support a meritorious defense. Melissa listed several deficiencies contained within Barbara's petition for the ex parte order of protection. Most significantly, we note Barbara's petition fails to allege Melissa stalked or harassed her as required by the Adult Abuse Act, Section 455.005 through 455.090 RSMo (2004) and RSMo (Cum. Supp.2006). We cannot say without more whether Melissa would prevail on this claim at trial; however, it does present an arguable theory of defense.

■ Third, Melissa had the burden of proving good cause existed for her failure to appear at the hearing. "Good cause is liberally interpreted, not only to prevent a manifest injustice but to avoid a threatened one, especially in cases where only one side has presented evidence." *Heritage Warranty Ins., RRG, Inc. v. Swiney,* 244 S.W.3d 290, 293 (Mo.App. S.D.2008). Prompt action by a movant assists in establishing the defendant's good faith as

required by Rule 74.05(d). *Paskon,* 230 S.W.3d at 28.

■ It is undisputed Melissa and her counsel failed to appear at the hearing. "Failure to appear is not by itself sufficient grounds for taking a judgment by default. The failure to appear must be 'inexcusable' for that to justify such a judgment." *Wilson v. Wilson,* 925 S.W.2d 218, 219 (Mo. App. E.D.1996). We cannot say Melissa's failure to appear was inexcusable, nor was it intentionally or recklessly designed to impede the judicial process. Melissa and her counsel believed John would speak to Barbara and Barbara's ex parte order would be dismissed prior to the hearing. Melissa's counsel sent John's counsel a letter confirming this understanding and nothing in the record indicates Melissa or her counsel were told anything to the contrary. Moreover, it appears the trial court believed Barbara played a role in misleading Melissa into believing the matter would be dismissed. Thus, Melissa demonstrated good cause.

Based on the foregoing, we find Melissa has carried her burden of proof by demonstrating a meritorious defense with respect to the deficiencies of Barbara's petition and good cause shown in that she was under the mistaken belief she would not have to attend the hearing on February 4, 2009. Thus, we find the trial court abused its discretion in failing to set aside the default judgment entered against Melissa. Point granted.

The trial court's judgment is reversed and remanded for further proceedings.

KURT S. ODENWALD, P.J. and GARY M. GAERTNER, JR., concur.