**In re the Matter of C.W. Sherrie Walker, Respondent,**

**v.**

**Marilyn Frazier, Appellant.**

**Sherrie Walker, Respondent,**

**v.**

**Marilyn Frazier, Appellant.**

**Nos. WD 71662, WD 71663.**

Missouri Court of Appeals, Western District.

Aug. 3, 2010.

Sherrie Walker, Grandview, MO, pro se.

Marilyn Frazier, Grandview, MO, pro se.

Before Division II: JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

Marilyn Frazier appeals the judgment orders of protection entered by the Circuit Court of Jackson County against Frazier in favor of Sherrie Walker and Walker's minor daughter, C.W. We dismiss Frazier's appeals.

### Factual and Procedural Background[1]

On or about May 9, 2009, two groups of teenage girls were involved in a verbal altercation at a Kansas City amusement park. On May 13, 2009, the two groups of girls met at a 7–11 Convenience Store in South Kansas City, Missouri, to fight. One of the groups of girls included Walker's daughter, C.W. Frazier claims that Walker chauffeured her daughter's group to the site of the second altercation, encouraged the fight, and then told her daughter's group to run before the police arrived. The other group of girls involved in the two altercations included Frazier's niece, who was pregnant. There is no evidence that Frazier was present for either of these altercations.

On the evening of May 13, 2009, Frazier, Frazier's niece, and Frazier's sister, Janice Kerns, went to Walker's residence to talk about the incidents. The two groups of adults apparently communicated no more productively than did the teens, and anoth-

---

1. The facts of this case are not entirely clear. The facts are set forth in this opinion based upon the court's own review of the record presented on appeal and Frazier's *pro se* brief. Respondents did not favor this court with a brief.

er fight ensued. Someone from Walker's residence called the police, who broke up the fight, handcuffed Walker and her husband, and issued a citation to Frazier.

On September 24, 2009, Walker and her daughter came into contact with Frazier's niece again, as the girls' high schools were playing against each other in a volleyball match. Walker and her daughter appear to have made comments to Frazier's niece, which caused the niece to react, but there was apparently no physical altercation at that time. Later, in the parking lot, Walker's car apparently approached Frazier's niece and then sped off. Frazier then arrived to pick her niece up from the school.

On September 30, 2009, Walker and her daughter filed petitions for orders of protection against Frazier in the Circuit Court of Jackson County. *Ex parte* orders of protection were entered by the court, and a hearing was set for October 26, 2009.[2] Frazier received notice of the hearing, but apparently presented to the municipal court instead of the circuit court and missed the hearing. The circuit court entered, by default, full judgment orders of protection against Frazier in favor of both Walker and her daughter. Frazier did not file any motions to set aside the judgments with the circuit court pursuant to Rule 74.05(d). Instead, she filed her notices of appeal with this court on October 28, 2009.

### Setting Aside a Default Judgment

■ In order to have a default judgment set aside, a person must ordinarily: (1) file, within a reasonable time, not to exceed one year, a motion with the circuit court to have the default judgment set aside; (2) state facts constituting a meritorious defense to the underlying action; and (3) state good cause for failing to timely defend the action in court. Rule 74.05(d); *Sastry v. Sastry*, 302 S.W.3d 264, 266 (Mo.App. E.D.2010).[3] Frazier has satisfied none of these three requirements with respect to the judgment orders of protection entered against her.

■ Frazier filed no motions with the circuit court to have the default judgments against her set aside. "'A default judgment is not appealable in the absence of a motion to set aside or vacate.'" *Leonard v. Leonard*, 112 S.W.3d 30, 37 (Mo.App. W.D.2003) (quoting *Niemann v. Kasch*, 740 S.W.2d 706, 707 (Mo.App. E.D.1987)). "The direct appeal of a default judgment is not permitted." *Id.* (citing *Vonsmith v. Vonsmith*, 666 S.W.2d 426 (Mo. banc 1984)). Therefore, Frazier has not preserved her claims for appellate review.

Because Frazier has failed to preserve her claims of error as to the circuit court's issuance of the judgments of protection against her, we need not address her failure to satisfy the other two requirements for having her default judgments set aside, and we hereby dismiss her appeals.

JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA, Judge, concur.

2. The circuit court record reflects that the hearing was initially scheduled for October 13, 2009, and continued until October 26.

3. There are exceptions to this rule that are not relevant here. *See* § 210.854; *Shapiro v. Brown*, 979 S.W.2d 526, 528 (Mo.App. E.D. 1998) (noting that a judgment entered without jurisdiction may be set aside at any time).