v.

**Charles BURGETT, Appellant.**

**No. WD 74467.**

Missouri Court of Appeals, Western District.

June 26, 2012.

Charles L. Burgett, Kansas City, MO, Appellant, pro se.

T.T., Kansas City, MO, Respondent, pro se.

Before Division II: VICTOR C. HOWARD, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Judge.

Charles Burgett ("Burgett") appeals from the Judgment of the Circuit Court of Jackson County, Missouri ("trial court"), denying his Motion to Set Aside Default Judgment, after an evidentiary hearing.[1] We reverse and remand the case for further proceedings.

## Factual and Procedural History

Burgett and T.T.[2] had been in an intimate relationship, had cohabitated, and had a child together. On May 20, 2011, T.T. filed an Adult Abuse/Stalking Petition for Order of Protection against Burgett. The trial court entered an *ex parte* order of protection and set the matter for a hearing on May 31, 2011. The *ex parte* order was returned *non est*. Additional *ex parte* orders were entered; personal service was attempted on those orders, but they were also returned *non est*. Eventually, the trial court entered a Seventh Amended Adult Abuse/Stalking *Ex Parte* Order of Protection ("Seventh Order") for T.T. and her child against Burgett, and the Seventh Order was personally served on Burgett. The sheriff's deputy certified in his return of service on the Seventh Order that he delivered a copy of the order and petition to Burgett on August 23, 2011.[3] The Seventh Order set the matter for a hearing on September 6, 2011.

On September 1, 2011, Burgett filed a motion for continuance, which the trial court granted. On September 7, 2011, the trial court entered an Eighth Amended Adult Abuse/Stalking *Ex Parte* Order of Protection ("Eighth Order"), which continued the hearing to September 21, 2011. The return of service on the Eighth Order is blank. However, a handwritten September 13, 2011 memorandum in the case record states:

> Re: T[ ] v. Burgett
>
> Per Respondent request, Respondent was notified of the upcoming September 21, 2011 court date via phone and requested the new order be mailed to him. Eighth Amended Ex Parte was mailed to both parties on September 13, 2011. In addition, a copy of the Respondent's

---

1. T.T. has filed no respondent's brief with this Court. While there is no requirement that a respondent file a brief, T.T.'s failure leaves us without the benefit of her argument, if any, to support the trial court's decision.

2. We have identified respondent by initials to protect her identity as a victim of stalking. § 566.226.1, RSMo Cum.Supp.2011.

3. Thus, at this point, Burgett was a party to the subject proceeding who had been personally served with a copy of the petition seeking affirmative relief of a full order of protection. Consequently, when the trial court later granted Burgett's motion for continuance and scheduled the matter for hearing on a later date, the trial court was only obligated to notify the parties of the new hearing date as specified by Rule 43.01. That was not, however, the path chosen by the trial court. Instead, the trial court issued the Eighth Order (ordering a new *ex parte* order of protection *and* notifying the parties of the new hearing date) with specific instructions to the Clerk on requirements for service of the Eighth Order upon Burgett—service instructions that exceeded the requirements of Rule 43.01. While we recognize the difference between service of section 455 *ex parte* orders of protection and service of a hearing date upon a party previously personally served with the petition initiating the proceeding, we presume the trial court was aware of those differences as well and defer to the requirements of the trial court's order on how service of the new hearing date was to be provided to Burgett.

Motion for Continuance and Exhibit A were mailed to both parties on the above mentioned day.

The memo was signed by Kendra Price, deputy, Adult Abuse Department ("deputy clerk Price").

A hearing was held on September 21, 2011. Counsel for T.T. and T.T. appeared, but Burgett failed to appear. The trial court entered a default judgment, granting T.T. a full order of protection against Burgett, effective until September 20, 2012.

Burgett filed a motion to set aside the default judgment on September 29, 2011. The verified motion averred that Burgett failed to appear because he claimed he did not receive notice of the hearing date in any fashion, even though he requested this information over the telephone from deputy clerk Price of the Adult Abuse Department. Burgett claimed that he demonstrated good cause for failing to appear and that he had a meritorious defense to the cause of action in that T.T.'s accusations against him were false because he had not had direct personal contact with T.T. since October 2009. After a hearing on October 19, 2011, the trial court denied Burgett's motion to set aside the default judgment.

Burgett appeals and presents three points on appeal, the first of which is dispositive, and hence, the only point addressed in our ruling today.

### Standard of Review

The trial court's denial of a motion to set aside a default judgment is reviewed for an abuse of discretion. *Sastry v. Sastry*, 302 S.W.3d 264, 266 (Mo. App. E.D.2010) (citing *Callahan v. Callahan (In re Marriage of Callahan)*, 277 S.W.3d 643, 644 (Mo. banc 2009)). Trial courts are afforded *broad discretion when*

*granting a motion to set aside a default judgment* and *narrow discretion when denying such a motion,* based on the public policy favoring the resolution of cases on the merits and the law's distaste for default judgments. *Id.* See *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686–87 (Mo. banc 2007).

### Analysis

Pursuant to Rule 74.05(d),[4] a party against whom a default judgment has been entered may file a motion to set aside that judgment within a reasonable time—not to exceed one year after entry of the judgment. The party's motion must state "facts constituting a meritorious defense and for good cause shown." Rule 74.05(d). " 'Good cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* The burden of proving that good cause exists to set aside the default judgment rests on Burgett. *Sastry*, 302 S.W.3d at 266.

Thus, in order for a default judgment to be set aside under Rule 74.05(d), Burgett bore the burden of demonstrating three elements. *Sastry*, 302 S.W.3d at 266.

First, Burgett was required to file the motion within a reasonable time—not to exceed one year after entry of the judgment. *Id.* Default judgment was entered on September 21, 2011, and Burgett promptly filed his motion to set aside default judgment eight days later on September 29, 2011. Thus, Burgett satisfied the first element.

Second, Burgett was required to present facts—though at this stage, it was not Burgett's burden to *prove* those averred facts to be true—constituting a meritorious defense. "The *credibility* of

---

4. All rule references are to I MISSOURI COURT RULES—State (2012).

the evidence supporting the meritorious defense is determined *after* the default judgment is set aside at a subsequent trial on the merits, *not* at this stage." *Id.* at 267 (emphasis added). "The meritorious defense requirement is satisfied if the defaulting party sets forth allegations which, if supported by evidence found credible by the fact-finder, would defeat the plaintiff's claim." *Id.* at 266–67 (internal quotation omitted). "Although there is no universal standard which establishes the components of a meritorious defense, it has been interpreted to mean any factor likely to materially affect the substantive result of the case." *Id.* at 267 (internal quotation omitted). Although the evidence need not be extensive or airtight, it "must rise to at least an arguable theory of defense." *Id.*

Burgett set forth allegations in his verified motion that support a meritorious defense. He stated that he had little or no conversation with T.T. since October 2009; he had no direct personal contact with T.T. since October 2009; and since October 2009, he had been in T.T.'s presence only on rare occasions, all incidental in nature, and on those occasions, he ignored T.T. Burgett alleged that T.T.'s accusations were malicious, fabricated, and baseless. Although we cannot say whether Burgett would prevail on his factual assertions at trial, his allegations present an arguable theory of defense. *Id.* Thus, Burgett has satisfied the second element.

▮▮▮▮ Third, Burgett had the burden of proving that good cause existed for his failure to appear at the hearing. *"Good*

*cause is liberally interpreted,* not only to prevent a manifest injustice but to avoid a threatened one, especially in cases where only one side has presented evidence." *Id.* (emphasis added) (internal quotation omitted). The Eighth Order ordered that the hearing on the petition be held on September 21, 2011. It is undisputed that Burgett failed to appear at the hearing. "Failure to appear is not by itself sufficient grounds for taking a judgment by default. The failure to appear must be 'inexcusable' for that to justify such a judgment." *Id.* (internal quotation omitted). "Prompt action by a movant assists in establishing the defendant's good faith as required by Rule 74.05(d)." *Id.*

We cannot say that Burgett's failure to appear was either inexcusable or intentionally or recklessly designed to impede the judicial process. The trial court's Eighth Order constituted, in part, the notice of the trial court's rescheduled hearing date to the parties and it gave specific instructions to the court clerk regarding service of the Eighth Order: "[i]f respondent is not present in court at the time of entry of this order,[5] a copy *shall be personally served or mailed by certified mail*[6] to the respondent at his last known address."

There is no evidence in the record that Burgett was personally served with the Eighth Order or that the Eighth Order was mailed to Burgett via certified mail. The docket sheet does not show that any attempt at personal service of the Eighth Order was made or that service was ac-

---

**5.** It is undisputed that Burgett was not "present in court at the time of entry of" the Eighth Order.

**6.** While service of pleadings and other papers upon a party previously personally served with the petition initiating the proceeding may be satisfied by "delivering or mailing a copy to the party" (*i.e.,* certified mail not required), Rule 43.01, the trial court was well within its discretion to order that service by mail was to be accomplished by *certified* mail. And, since Burgett testified that he did not receive notice by mail—in conflict with deputy clerk Price's case record memorandum—a return receipt from a certified mailing would have eliminated the notice of hearing issue in the proceedings below.

complished. Because "[t]he return of service shall be considered prima facie evidence of the facts recited therein," Rule 54.22(a), and the return on the Eighth Order is blank, we conclude that Burgett was not personally served with the Eighth Order "by any sheriff or police officer." Likewise, there is nothing in the record to demonstrate that the clerk's office complied with the service directive of the Eighth Order requiring service by mail to be accomplished by *certified* mail.[7]

Instead, the only document in the record that ostensibly shows that Burgett had notice of the rescheduled hearing was a handwritten memorandum by deputy clerk Price—who did not testify at the hearing on the motion to set aside default judgment—confirming that, at Burgett's request, deputy clerk Price notified Burgett by telephone of the date of the hearing and mailed him a copy of the Eighth Order. Deputy clerk Price did not testify at the hearing to authenticate the handwritten note, to describe the content of the mailing, to verify the address to which she sent the mailing, or to produce a certified mail receipt. Even if we were to presume that deputy clerk Price mailed the Eighth Order and petition to Burgett, then we would have to further presume that Burgett received it, which he denies. We cannot infer a fact (receipt of the Eighth Order) when that inference is based upon another inference (presumption that deputy clerk Price properly mailed the Eighth Order) that is not based upon competent evidence. Since the record does not establish that Burgett was provided notice of the rescheduled hearing, we may conclude that he did not receive such notice. Thus, good cause existed for Burgett's failure to appear at the September 21, 2011 hearing. Burgett has satisfied the third element of Rule 74.05(d).

Based upon the foregoing, we conclude that Burgett carried his burden of proving: (1) that he filed his motion to set aside default judgment within a reasonable time; (2) that he had averred facts in his verified motion, which if proven at trial, would constitute a meritorious defense; and (3) that good cause existed for his failure to appear at the default hearing on September 21, 2011. Thus, the trial court abused its discretion in failing to set aside the default judgment entered against Burgett.

Point I is granted.

## Conclusion

The trial court's judgment is reversed and this cause is remanded with instructions to set aside the default judgment entered against Burgett and for further proceedings to be conducted consistent with our ruling today.

VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL, Judge, concur.

---

**7.** At the hearing on the motion to set aside default judgment, the trial court inquired of Burgett why he did not come to the court on his own volition to personally retrieve a copy of the Eighth Order from the clerk's office. The colloquy between Burgett and the trial court on this topic is irrelevant to the service requirements mandated by the trial court's Eighth Order.